# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN NEUBERT, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>  v.<br><br>LEHIGH UNIVERSITY,<br><br>    Defendant. | Case No.: 5:24-CV-00831-JFL |

**<u>SETTLEMENT AGREEMENT AND RELEASE</u>**

## TABLE OF CONTENTS

RECITALS ........................................................................................................... 1

DEFINITIONS...................................................................................................... 5

MONETARY RELIEF TO SETTLEMENT CLASS MEMBERS ............................................. 12

RELEASE ............................................................................................................ 13

CAFA NOTICE .................................................................................................... 15

CLASS NOTICE ................................................................................................... 15

REQUESTS FOR EXCLUSION .............................................................................. 17

OBJECTIONS BY SETTLEMENT CLASS MEMBERS ........................................... 18

SETTLEMENT ADMINISTRATION ...................................................................... 19

PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER .......................... 22

SETTLEMENT CONSIDERATION ........................................................................ 23

USE OF SETTLEMENT FUND .............................................................................. 24

AWARDS FOR ATTORNEYS' FEES AND  SETTLEMENT CLASS REPRESENTATIVE.. 28

NO ADMISSION OF WRONGDOING ................................................................... 30

TERMINATION OF SETTLEMENT....................................................................... 30

MISCELLANEOUS PROVISIONS.......................................................................... 31

<u>EXHIBITS</u>

Exhibit A:        [Proposed] Order Granting Plaintiff's Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class, Appoint Class Counsel, Approve Proposed Class Notice, and Schedule a Final Approval Hearing

Exhibit A-1:    Short Form Notice of Proposed Class Action Settlement and Hearing

Exhibit A-2:    Long Form Notice of Proposed Class Action Settlement and Hearing

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement") is made as of January 3, 2025, by and among the following parties, as hereinafter defined: (1) John Neubert ("Settlement Class Representative" or "Named Plaintiff"), on behalf of himself and the Settlement Class, by and through Class Counsel in this Action; and (2) Lehigh University ("Lehigh"), by and through its attorneys in this Action. The Settlement Class Representative and Lehigh are individually each a "Party" and, collectively, the "Parties."

## RECITALS

On February 26, 2024, Plaintiff Zoe Khaitan filed a Class Action Complaint in the United States District Court for the Eastern District of Pennsylvania styled *Khaitan v. Lehigh University*, Case No. 5:24-cv-00831-JFL (ECF 1) (the "Action"). On March 14, 2024, Plaintiff John Neubert filed an Amended Class Action Complaint in the United States District Court for the Eastern District of Pennsylvania (ECF 6) ("Amended Complaint" or "AC"). The Amended Complaint dropped Ms. Khaitan as a named plaintiff.

The Amended Complaint alleged that Named Plaintiff and putative class members are entitled to refunds of tuition and mandatory fees because, beginning in March 2020, Lehigh provided classes remotely in response to the COVID-19 pandemic. The Amended Complaint alleged that Named Plaintiff and all other Lehigh students who satisfied their payment obligations for the Spring 2020 semester and enrolled in at least one in-person, on-campus class prior to March 2020 had an implied contract with Lehigh that entitled them to in-person instruction, and that, by switching to remote instruction in response to the pandemic, Lehigh breached that implied contract. Named Plaintiff also contended in the Amended Complaint that Lehigh's shift to remote instruction gave rise to claims of unjust enrichment. Named Plaintiff sought damages representing the prorated portion of the tuition and mandatory fees that Named Plaintiff and putative class

1

members each paid equal to the reduction in value of contracted-for education and services during the portion of the Spring 2020 semester during which in-person classes were discontinued and certain facilities were closed by Lehigh. The Amended Complaint sought certification of a putative class of persons comprising:

> **The Class:**
>
> All Lehigh University students who satisfied their payment obligations for the Spring Semester 2020 tuition and/or Mandatory Fees and enrolled in at least one in-person on-campus class (the "Class").

AC ¶ 50. Specifically excluded from the class were: "all students who received full Lehigh-funded scholarships for the Spring 2020 semester, Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers." *Id.* ¶ 51.

On May 16, 2024, Lehigh filed its Answer and Affirmative Defenses to the Amended Complaint denying the allegations therein and that the Named Plaintiff or members of the putative were entitled any damages as a result of Lehigh's transition to remote instruction during the second half of the Spring 2020 semester. ECF 19. On July 9, 2024, the Parties had their Initial Case Management Conference (ECF 21) and the Court issued a Scheduling Order on July 10, 2024 (ECF 22). Thereafter, in anticipation of mediation, the Parties exchanged detailed information related to the amount of tuition and fee payments made by or on behalf of the putative class members, the size of the putative class, and Lehigh's tuition and fee refund policies and practices during the Spring 2020 semester. The Parties also provided each other and the mediator with detailed pre-mediation submissions setting forth their views on the merits of the case, the likelihood the case could be certified as a class action, the bona fides of the Named Plaintiff to

represent the putative class, and positions on the factual support for and viability of the claims asserted in the Amended Complaint. Finally, the Parties exchanged demands and offers in an effort to reach a settlement of the Action.

On August 13, 2024, the Parties held a full-day mediation session in front of the Honorable Judge Rueter (Ret.). During the mediation, which was held in Philadelphia and lasted a full day, the Parties were able to reach a settlement in principle, with the guidance of Judge Rueter. The Parties thereafter executed a Term Sheet encompassing the resolution and, over the ensuing months, the Parties negotiated the final terms of the Settlement and its supporting exhibits.

Named Plaintiff believes that the claims asserted in the Action have merit. Nonetheless, Named Plaintiff and his counsel recognize that Lehigh intends to raise factual and legal defenses in the Action that present a risk that Named Plaintiff may not prevail at trial or on appeal. Named Plaintiff and his counsel have also taken into account the costs, risks, and delays associated with the continued litigation of the Action, including retention of experts and litigating through trial, as well as the fact that Lehigh has no insurance coverage for the claims. Therefore, Named Plaintiff and his counsel believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred under the terms and conditions set forth in this Settlement.

Based on their comprehensive examination and evaluation of the law and facts relating to matters at issue in the Action, Named Plaintiff's counsel have concluded that the terms and conditions of this Settlement are fair, reasonable, and adequate to resolve the alleged claims of the Settlement Class Members (defined below), and that it is in the best interests of the Settlement Class Members to settle the claims raised in the Action under the terms and conditions set forth in this Settlement.

At all times, Lehigh has contested each and every claim in the Action, and denied all material allegations of the Action, including any and all allegations of wrongdoing, and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action; Lehigh would also assert numerous defenses if the Action were to proceed further. Nevertheless, taking into account the uncertainty and risks inherent in litigation generally, Lehigh considers it desirable to resolve the Action on the terms and conditions stated herein to avoid further expense, inconvenience, and burden, and therefore has determined that the Settlement on the terms and conditions set forth herein is in Lehigh's best interests.

As more fully explained below, neither the Settlement nor any actions taken to carry out the Settlement are intended to be, nor may they be deemed or construed to be, evidence of an admission or concession of liability by any person or entity, or of the validity of any claim, defense, or any point of fact or law by any Party or any of the Released Parties (defined below). All such liability is expressly denied. Neither the Settlement, nor the fact of settlement, nor settlement proceedings, nor the settlement agreement, nor any related document, shall be used as an admission of any fault or omission by Lehigh or any of the Released Parties, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by Lehigh or any of the Released Parties in any action or proceeding.

Although the Parties have agreed that a class may be certified for purposes of the Settlement, such certification shall not be binding or have any legal effect if the Settlement is terminated, if the Settlement is ultimately not approved, or if the approval is reversed or modified on appeal, Lehigh reserves all of its objections to class certification for litigation purposes and

does not consent to certification of the proposed Settlement Class for any purpose other than to effectuate the Settlement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the Parties, by and through their respective counsel, that subject to final approval of the Court, after a hearing as provided for in the Settlement pursuant to Federal Rule of Civil Procedure 23(e), and in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in the Settlement.

## <u>DEFINITIONS</u>

1. As used in this Stipulation of Settlement, the following terms have the meanings specified below:

 (a) **"Action"** means the above-captioned action, *Neubert v. Lehigh University,* Case No. 5:24-cv-00831-JFL.

 (b) **"Administrative Expenses"** means: (a) the costs, fees, and expenses that are incurred by the Settlement Administrator in connection with providing notice to the Settlement Class and administering the Settlement, including but not limited to, distributing the Net Settlement Fund to the Settlement Class Members; (b) fees and expenses incurred in connection with the Escrow Account; and (c) Taxes.

 (c) **"Agreement"** means this agreement and all exhibits, which set forth all material terms and conditions of the Settlement between the Parties.

 (d) **"Case Contribution Award"** means any payments from the Settlement Fund granted by the Court to the Settlement Class Representative.

(e)    **"Class Counsel"** means Nicholas A. Colella of Lynch Carpenter, LLP, and Michael A. Tompkins and Anthony M. Alesandro of Leeds Brown Law, P.C.

(f)    **"Court"** means the United States District Court for the Eastern District of Pennsylvania, the Honorable Joseph F. Leeson, Jr. presiding.

(g)    **"Effective Date"** means the first date after which all of the following events and conditions have been met or have occurred: (i) the Parties' counsel have executed the Settlement; (ii) the Court has entered the Preliminary Approval Order; (iii) the Court has entered the Final Judgment; and (iv) the Final Judgment becomes Final.

(h)    **"Election Form"** means the form that Settlement Class Members may return to designate their preferred method for receiving the funds, including physical check, Venmo, or PayPal. In the absence of a Settlement Class Member returning an Election Form, the Settlement Administrator shall mail a physical check.

(i)    **"Escrow Agent"** means the Settlement Administrator.

(j)    **"Fee Award"** means the amount of attorneys' fees awarded by the Court to Class Counsel from the Settlement Fund.

(k)    **"Final"** (with respect to a judgment or any other court order) means: (i) if no appeal is taken, the expiration of the time to file a notice of appeal under the Federal Rules of Appellate Procedure; or (ii) if an appeal is taken from the judgment or order: (1) the date of final dismissal of any such appeal, or the final dismissal of any proceeding on certiorari or otherwise; or (2) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.

(l)    **"Final Approval Hearing"** means the hearing before the Court at which the Parties will request the Final Judgment approving the Settlement to be entered by the Court and the Court will determine the Fee Award and the Case Contribution Award, and award any Litigation Expenses to Class Counsel.

(m)    **"Final Judgment"** means the final judgment and order to be entered by the Court approving the Settlement.

(n)    **"Financial Aid"** means Lehigh-funded or Lehigh-designated scholarship or grant-funded aid applied to a student's account, whether or not the aid had a merit component. It does not include loans or aid provided by outside organizations such as employers, foreign governments, and federal entitlement aid.

(o)    **"Lehigh"** means Lehigh University.

(p)    **"Lehigh's Counsel"** means Saul Ewing LLP.

(q)    **"Litigation Expenses"** means costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, and settling the Action.

(r)    **"Long Form Notice"** means the Notice of Class Action Settlement and Hearing, substantially in the form attached hereto as Exhibit A-2.

(s)    **"Net Settlement Fund"** means the Settlement Fund less any (i) Administrative Expenses, (ii) Fee Award; (iii) Litigation Expenses, and (iii) Case Contribution Award.

(t)    **"Opt-Out Request"** means the written, signed statement that an individual Class Member submits indicating he or she has elected to exclude him- or herself ("opt-out") from the Settlement.

(u)     **"Potential Settlement Class"** means all Lehigh University students—inclusive of undergraduate, graduate, and doctoral—who satisfied their payment obligations for the Spring Semester 2020 (tuition and/or mandatory fees, defined as Student Activity Fees and/or Technology Fees) who were enrolled in at least one in-person, on-campus class, excluding the following: (i) any person who withdrew from Lehigh on or before March 12, 2020, (ii) all students who received full Lehigh-funded scholarships for the Spring 2020 semester; and/or (iii) Defendant; Defendant's officers, directors, agents, trustees, parents, children, corporations, trustees, representatives, employees, principals, servants, partners, joint venturers, and/or entities controlled by Defendant; and/or Defendant's heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers.

(v)     **"Potential Settlement Class Member"** means a person who falls within the definition of the Potential Settlement Class as set forth above in Paragraph 1(u).

(w)     **"Preliminary Approval Order"** means an order granting preliminary approval of the Settlement, substantially in the form attached hereto as Exhibit A.

(x)     **"Released Claims"** means any and all causes of action, suits, claims, controversies, rights, agreements, promises, debts, liabilities, accounts, reckonings, covenants, contracts, losses, expenses, liens, demands, judgments, costs, damages, obligations, and all other legal responsibilities in any form or nature, including but not limited to, all claims relating to or arising out of state, local, or federal statute, ordinance, regulation, law or any other claim at common law or in equity, whether past, present, or future, known or unknown, asserted or unasserted, arising out of or in any way allegedly related to (i) tuition and/or mandatory fees paid at the University in connection with the Spring 2020 Semester, and/or (ii) the Action, and/or (iii) Lehigh's transition to remote education with respect to the COVID-19 pandemic, or the

8

implementation or administration of such remote education during the Spring 2020 semester. This includes all claims that were brought or could have been brought in the Action.

(y)     **"Released Lehigh Parties"** means Lehigh and any present, future, and former parent, subsidiary, division, college, school, center, department, and/or affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present, future, and former officers, directors, trustees, academic affiliates, administrators, employees, faculty members, students, agents, representatives, attorneys, outside counsel, insurers and re-insurers, predecessors, successors, and assigns.

(z)     **"Released Parties"** means each and any of the Released Lehigh Parties.

(aa)     **"Releasing Parties"** means each and any of the Releasing Settlement Class Parties.

(bb)     **"Releasing Settlement Class Parties"** means the Settlement Class Representative, Class Counsel, and all other Settlement Class Members, and each of their respective current, former, and future heirs, executors, parents, family members, lenders, funders, payors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, limited liability companies, partnerships and corporations.

(cc)     **"Settlement Administrator"** means RG/2 Claims Administration LLC.

(dd)     **"Settlement Amount"** means the $1,750,000.00 consideration to be paid by Lehigh. The Settlement Amount represents the total extent of Lehigh's monetary obligations

under this Agreement. The payment of the Settlement Amount by Lehigh fully discharges all of Lehigh's and the other Released Parties' financial obligations (if any) in connection with the Settlement, meaning that no Released Party, including Lehigh, shall have any other obligation to make any payment into the Settlement Fund or to any Class Member, or any other person, under this Agreement. In no event shall the total monetary obligation with respect to this Agreement on behalf of any Released Party, including Lehigh, exceed One Million Seven Hundred Fifty Thousand Dollars and Zero Cents ($1,750,000.00).

(ee)    **"Settlement Benefit"** means each Settlement Class Member's share of the Net Settlement Fund.

(ff)    **"Settlement Class"** means all members of the Potential Settlement Class, with the exception of any person who properly executes and files a timely opt-out request to be excluded from the Settlement Class.

(gg)    **"Settlement Class Member"** means a person who falls within the definition of the Settlement Class as set forth above in Paragraph 1(ff).

(hh)    **"Settlement Class Representative"** means Named Plaintiff John Neubert.

(ii)    **"Settlement Fund"** means the Settlement Amount plus any and all interest earned thereon in an account established and controlled by the Settlement Administrator for the purposes of retaining and distributing the Settlement Fund in accordance with this Agreement and any Court order. The Settlement Fund is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. Interest, if any, earned in the Settlement Fund will become part of the Settlement Fund to be distributed to the Class Members. The costs of establishing and maintaining the Settlement Fund shall be paid from the Settlement Fund.

(jj)    **"Settlement Website"** means the website established by the Settlement Administrator to aid in administering the Settlement.

(kk)    **"Short Form Notice"** means the notice provided for in Paragraphs 16–17, substantially in the form attached hereto as Exhibit A-1.

(ll)    **"Spring 2020 Tuition and Fees"** means any and all tuition and the mandatory fees (defined as the Student Activity Fees and/or Technology Fees) assessed to students by Lehigh for the Spring 2020 semester and does not include fees for housing or dining services, or items billed as one-time fees for the entire academic career of the student, fees that were assessed at the request of the student, or penalty fees, including document fees, ID card fees, elective Medical Insurance, returned check fees, collection-related fees, late fees, withdrawal fees, flexible spending funds, and disciplinary fees.

(mm)    **"Taxes"** means (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the reasonable expenses and costs incurred in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, the reasonable expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes. The Settlement Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings.

(nn)    **"Uncashed Settlement Checks"** means any checks sent to Settlement Class Members that remain uncashed after a period of one hundred and eighty (180) days from the date of distribution of the checks to Settlement Class Members.

11

2.      The word "or" means "and/or."

3.      The plural includes the singular and vice versa.

**MONETARY RELIEF TO SETTLEMENT CLASS MEMBERS**

4.      The Net Settlement Fund will be allocated pro rata to each Settlement Class Member based on the ratio of (a) the total amount of Spring 2020 Tuition and Fees assessed to Potential Settlement Class Members enrolled at Lehigh during the Spring 2020 semester to (b) the total amount of Spring 2020 Tuition and Fees assessed to each individual Potential Settlement Class Member enrolled at Lehigh during the Spring 2020 semester, less Financial Aid and any unpaid balances related to the Spring 2020 term as reflected on the Settlement Class Member's account with Lehigh, and any refunds already distributed related to Spring 2020 semester.

5.      The amounts to be distributed to Potential Settlement Class Members who properly execute and file a timely Opt-Out Request to be excluded from the Settlement Class will be added together and distributed following the same pro rata method described in paragraph 4.

6.      Each Settlement Class Member's Settlement Benefit will be distributed to that Settlement Class Member automatically, with no action required by that Settlement Class Member.

7.      By default, the Settlement Administrator will send the Settlement Benefit to each Settlement Class Member by check mailed to the Settlement Class Member's last known mailing address on file with the University Registrar. The Settlement Administrator will also provide an Election Form via email and through the Settlement Website that Settlement Class Members may visit to (a) provide an updated address for sending a check; or (b) elect to receive the Settlement Benefit by Venmo or PayPal instead of a paper check. Settlement Class Members must submit the above-referenced Election Form no later than forty-five (45) days after the Effective Date.

8.      The Settlement Administrator will send the Settlement Benefits to Settlement Class Members within sixty (60) days of the Effective Date. The Settlement Administrator shall send a

reminder to Settlement Class Members who have not yet cashed their Settlement Benefit after sixty (60) days, and shall provide a report to Plaintiffs' counsel, no less than forty-five (45) days before the expiration of the check cashing period, including copies of Election Forms submitted by Class Members that have not cashed their checks. Funds for Uncashed Settlement Checks shall, subject to Court approval, be returned to Lehigh to be paid into a financial aid fund for Lehigh students.

## RELEASE

9.    The Releasing Settlement Class Parties shall be deemed to have, and by operation of law and of the Final Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released Claims against the Released Lehigh Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Lehigh Parties.

10.    The Released Claims include any unknown claims that reasonably could have arisen out of the same facts alleged in the Action that the Releasing Parties do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their decision to agree to the Settlement, their decision to release the Released Claims, or their decision not to object to the Settlement.

11.    With respect to the Released Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, they shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law in the States of Texas, North Carolina, or any other jurisdiction. Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE

13

RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
DEBTOR OR THE RELEASING PARTY.

Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, waived

any and all provisions, rights and benefits conferred by any law of any state or territory of the

United States, or principle of common law, or the law of any jurisdiction outside of the United

States, which is similar, comparable or equivalent to § 1542 of the California Civil Code as it

relates to the Released Claims.

12.      The Releasing Parties may hereafter discover facts in addition to or different from

those they now know or believe to be true with respect to the subject matter of the Released Claims,

but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall

have fully, finally, and forever settled and released any and all of the Released Claims, whether

known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or

heretofore have existed, upon any theory of law or equity now existing or coming into existence

in the future, for damages, injunctive relief, rescission, disgorgement, or restitution or any other

right, remedy, or relief of every nature and description whatsoever, whether based on federal, state

local, statutory, or common law or any other law, rule, or regulation, including the law of any

jurisdiction outside the United States, that were brought or could have been brought in the

complaints in this Action without regard to subsequent discovery or the existence of different or

additional facts.

13.      The Releasing Settlement Class Parties agree not to commence any legal or

administrative action against any Released Lehigh Party with respect to any Released Claim, or

otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of

law, equity, or other forum.

14

## CAFA NOTICE

14.     The Settlement Administrator shall provide the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA") no later than ten (10) days following the filing of the Settlement with the Court.

## CLASS NOTICE

15.     Within thirty (30) days of the entry of the Preliminary Approval Order, Lehigh will produce to the Settlement Administrator a list from the University Registrar's records that includes the names and last known email and postal addresses, to the extent available, belonging to all Potential Settlement Class Members (the "Class List").[1] The Class List will be provided to the Settlement Administrator for the sole purpose of the Settlement Administrator performing its obligations pursuant to the Settlement and shall not be used for any other purpose at any time.

16.     Following the entry of the Preliminary Approval Order, the Settlement Administrator shall send the Short Form Notice substantially in the form attached hereto as Exhibit A-1 and Election Form via email to persons listed on the Class List. If an email address is not available for a Potential Settlement Class Member, the Short Form Notice will be sent to the Potential Settlement Class Member's last known mailing address via U.S. mail. Unless adjusted by Court order, the sending or mailing of the Short Form Notice shall be completed within forty-five (45) days after the entry of the Preliminary Approval Order. If a Notice is returned as undeliverable via email, then the Settlement Administrator shall take all reasonable steps to obtain a mailing address, including performing a skip trace, and shall email the Notice to any other email

---

[1] Consistent with the requirements of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. Part 99 (collectively, "FERPA"), any order granting preliminary or final approval of the Settlement shall constitute a judicial order within the meaning of FERPA, see 34 C.F.R. § 99.31(a)(9)(i), and the Settlement and the Court's order shall constitute specific notice of Lehigh's intention to comply with that order, see 34 C.F.R. § 99.31(a)(9)(ii).

address obtained or mail Notice to any physical address. If a Notice is returned as undeliverable via mail, then the Settlement Administrator shall take all reasonable steps to obtain a mailing address, including requesting such information from Lehigh, performing a skip trace, and/or remailing the Notice to any address. The Settlement Administrator shall also mail a Notice and Election Form to any Class Member who requests them after the initial mailing of Notice and before the Notice response deadline. The Settlement Administrator will notify Class Counsel and Lehigh's Counsel of any Notices and Election Forms returned as undeliverable after the first mailing, including those returned as undeliverable after any subsequent mailing. All costs of locating Class Members will be paid from the Settlement Fund. To assist in obtaining a more accurate email or physical address for any Class Member, Class Counsel may provide such to the Settlement Administrator to be used for the purposes of mailing of Notice.

17.    The Short Form Notice shall advise the Potential Settlement Class Members of their rights under the Settlement, including the right to be excluded from and/or object to the Settlement or its terms. The Short Form Notice shall also inform Potential Settlement Class Members that they can access the Long Form Notice on the Settlement Website, which Long Form Notice shall advise the Potential Settlement Class Members of the procedures outlined in Paragraphs 21–28, specifying how to request exclusion from the Settlement or submit an objection to the Settlement.

18.    No later than forty-five (45) days after the entry of the Preliminary Approval Order, and before the issuance of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website at a mutually agreed-upon URL. The Settlement Website will allow Settlement Class Members to provide an updated mailing address to receive a paper check or to elect to receive their Settlement Benefit via Venmo or PayPal. The Settlement Website shall include, in downloadable format, the following: (i) the Long Form Notice; (ii) the Preliminary Approval

16

Order; (iii) the Settlement (including all of its exhibits); and (iv) any other materials agreed upon by the Parties and/or required by the Court.

19.     No later than sixty (60) days after the entry of the Preliminary Approval Order and until the Final Approval Hearing, Lehigh will inform Potential Settlement Class Members of the settlement by providing a link to the Settlement Website on Lehigh's website.

20.     Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the Settlement Administrator evidencing compliance with the provisions of the Preliminary Approval Order concerning the distribution of the Short Form Notice to the Settlement Class.

### REQUESTS FOR EXCLUSION

21.     A Potential Settlement Class Member may request to be excluded from the Settlement Class by sending an Opt-Out Request to the Settlement Administrator, in care of the address provided in the Long Form Notice, postmarked no later than forty-five (45) days after the issuance of the Short Form Notice (the "Objection/Exclusion Deadline"), which date shall be included in the Short Form Notice.

22.     The Opt-Out Request must:

    (a)     Include a statement requesting exclusion from the Settlement Class;

    (b)     be personally signed by the Potential Settlement Class Member; and

    (c)     include the Potential Settlement Class Member's name, address, telephone number, email address, and the caption for the Action.

23.     An Opt-Out Request that does not include all of the foregoing information in Paragraph 22, that is sent to an address other than that designated in the Long Form Notice, or that is not postmarked within the time specified, shall be invalid and any individual sending such request shall be deemed to remain in the Settlement Class and shall be bound as a Settlement Class

17

Member by the Settlement, if approved by the Court. Any Potential Settlement Class Member who properly elects to be excluded, in compliance with the requirements set forth in Paragraphs 21–22, shall not: (a) be bound by any orders of the Court or the Final Judgment; (b) be entitled to relief under the Settlement; (c) gain any rights by virtue of the Settlement; or (d) be permitted to object to any aspect of the Settlement.

24.    A request to be excluded from the Settlement Class must be personal. Any particular Potential Settlement Class Member may not purport to opt other Potential Settlement Class Members out of the Settlement Class on a class or representative basis.

25.    Lehigh has the right to audit the exclusion process for evidence of fraud or error and the Court will be the final arbiter of an exclusion's validity.

## OBJECTIONS BY SETTLEMENT CLASS MEMBERS

26.    Any Settlement Class Member may file a written objection to the Settlement, the Case Contribution Award, and/or the Fee Award. The Settlement Class Member must file their written objection(s) with the Clerk of Court, or via the Court's electronic case filing system if the objection(s) are from a Settlement Class Member represented by counsel, such that they are postmarked no later than the Objection/Exclusion Deadline. Copies must also be sent at the same time via mail, hand, or overnight delivery service to Class Counsel and Lehigh's Counsel at the addresses set forth below.

27.    The written objection(s) must:

(a)    state that the person objecting is a Settlement Class Member;

(b)    include the name, address, email, and telephone number of the Settlement Class Member objecting;

(c)    be personally signed by the objecting Settlement Class Member;

18

(d)  contain a statement that includes all objections, provides whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and provides the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon); and

(e)  include a statement of whether the objector intends to appear at the Final Approval Hearing, with or without counsel.

28.  Any Settlement Class Member who fails to timely file a written objection with the Court and/or timely file notice of their intent to appear at the Final Approval Hearing in accordance with the terms of Paragraphs 26–27 and as detailed in the Long Form Notice, with copies to designated counsel for each of the Parties, shall not be permitted to object to the Settlement, the Case Contribution Award, and/or the Fee Award at the Final Approval Hearing; shall be foreclosed from seeking any review of the Settlement, the Case Contribution Award, and/or the Fee Award by appeal or other means; and shall be deemed to have waived their objection(s) and be forever barred from making any such objection(s) in the Action or any other related action or proceeding.

<u>**SETTLEMENT ADMINISTRATION**</u>

29.  The Settlement Administrator shall administer the Settlement and shall act under Class Counsel's supervision and subject to the jurisdiction of the Court. Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund, subject to Court approval.

30.  The Settlement Administrator shall:

(a)  send Short Form Notice and CAFA Notice to the Potential Settlement Class Members, as described in Paragraphs 14 and 16;

(b)  establish the Settlement Website, as described in Paragraph 18;

(c)  serve as Escrow Agent for the Settlement Fund;

(d)    forward to Class Counsel, with copies to Lehigh's Counsel, all documents and other materials received in connection with the administration of the Settlement promptly upon receipt;

(e)    receive Opt-Out Requests and other requests from the Potential Settlement Class Members and promptly provide a copy of such requests to Class Counsel and Lehigh's Counsel upon receipt, including any requests received after the Objection/Exclusion Deadline;

(f)    provide (at least) weekly reports to Class Counsel and Lehigh's Counsel, including without limitation, (i) the status of the emailing and physical mailing of the Notices and Election Forms to Class Members, (ii) the status or progress of the claims administration process, (iii) anticipated or expected distribution of the Settlement Checks, (iv) beginning the second Friday after Notice is mailed to Class Members, the number of Class Members, Objectors, and Opt-outs, and (v) any other aspect of the claims administration process;

(g)    make available for inspection by Class Counsel and Lehigh's Counsel any documentation related to the Settlement submitted to the Settlement Administrator, and any correspondence related to the Settlement sent or received by the Settlement Administrator, at any time upon reasonable notice;

(h)    provide reports and other information to the Court as the Court may require; and

(i)    undertake other administrative tasks in a rational, responsive, cost effective, and timely manner.

31.    The Settlement Administrator shall keep the Class List and all personal information, including the identity and mailing addresses of the Potential Settlement Class Members and Settlement Class Members' tuition and aid information, confidential and secure from

unauthorized access or disclosure, consistent with generally accepted industry standards. The Parties agree that this information may not be used for any purpose other than effectuating the terms of the Settlement or the duties or obligations arising hereunder.

32.     The Settlement Administrator shall maintain reasonably detailed records of its activities under the Settlement, including all such records as are required by applicable law, in accordance with its normal business practices, which will be made available to Class Counsel and Lehigh's Counsel upon request. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator.

33.     Lehigh, the Released Parties, and Lehigh's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Agreement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the allocation of Settlement Fund to Class Members or the implementation, administration, or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, tax expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

34.     No later than seven (7) days after the Effective Date, Lehigh will produce to the Settlement Administrator the Spring 2020 Tuition and Fees paid and the amount of Lehigh-backed scholarships or grants received by each Settlement Class Member to facilitate the pro rata distribution of settlement proceeds. No later than thirty (30) days after the Objection/Exclusion

Deadline, the Settlement Administrator shall certify jointly to Class Counsel and Lehigh's Counsel: (a) a list of all Class Members; (b) a list of all objectors; (c) a list of all Class Members who timely submitted an Opt-Out Request; and (d) an estimated calculation of the settlement proceeds to Class Members in accordance with the formulas and allocation amounts discussed herein. To the extent that any issues arise, they should be addressed by the Parties. If the issues cannot be resolved, they should be submitted to the Court via the application for Final Approval with designated paragraphs concerning the respective position of the Parties.

## PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER

35.    No later than forty-five (45) days from the date of this Agreement and in coordination with Lehigh's Counsel, Class Counsel will move for preliminary approval of the Settlement, provisional certification of the Settlement Class for settlement purposes only, appointment of Named Plaintiff as Settlement Class Representative, appointment of Class Counsel as counsel for the Settlement Class, and the scheduling of the Final Approval Hearing. Concurrently with the motion for preliminary approval, Class Counsel shall apply to the Court for, and Lehigh shall agree to, entry of the proposed Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

36.    At the time of the submission of the Settlement to the Court as described above, Class Counsel shall request that the Court hold a Final Approval Hearing, which shall be held no less than seventy-five (75) days after the Short Form Notice is disseminated.

37.    After the Short Form Notice is disseminated, and no later than ten (10) days before the Final Approval Hearing, Class Counsel, in coordination with Lehigh's Counsel, shall request and seek to obtain from the Court a Final Judgment which will, among other things:

(a)    approve the Settlement as fair, reasonable, and adequate to the Settlement Class, and direct consummation of the Settlement in accordance with the terms and provisions of the Settlement;

(b)    fully and finally dismiss the Action with prejudice, and without costs (except as may be provided herein) to any Party as against any other;

(c)    incorporate the releases set forth above in Paragraphs 9–13, make the releases effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

(d)    approve the manner of distribution of the Net Settlement Fund and order that payments be made to Settlement Class Members only in accordance with same;

(e)    award Class Counsel from out of the Settlement Fund such Fee Award and Litigation Expenses as the Court may allow;

(f)    award the Settlement Class Representative from out of the Settlement Fund such Case Contribution Award as the Court may allow; and

(g)    reserve jurisdiction over: (i) implementation of the Settlement and any distribution to Settlement Class Members, pursuant to further orders of the Court; (ii) disposition of the Settlement Fund; (iii) the Action, until each and every act agreed to be performed pursuant to the Settlement shall have been performed, pursuant to further orders of the Court; and (iv) the Parties, for the purpose of enforcing and administering the Settlement.

## <u>SETTLEMENT CONSIDERATION</u>

38.    The Settlement Amount shall be the sum of $1,750,000.00. Within thirty (30) days after the Court enters the Preliminary Approval Order, Lehigh shall pay into the Settlement Fund estimated Administration Expenses in the amount of $55,000.00. Within thirty (30) days after the

Court enters the Final Approval Order, Lehigh shall pay the remainder of the Settlement Amount into the Settlement Fund.

## USE OF SETTLEMENT FUND

39.    The Settlement Fund shall be used to pay: (a) any Administrative Expenses incurred in accordance with Paragraph 1(b), including claims administration and notice costs; (b) any Fee Award and Litigation Expenses granted by the Court; and (c) any Case Contribution Award granted by the Court (collectively, the "Deductions"). The remaining funds, the Net Settlement Fund, shall be distributed to Settlement Class Members according to the Settlement.

40.    The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed as provided in Paragraphs 4–8.

41.    Up until the Effective Date, the Escrow Account shall be under the control of the Escrow Agent, on behalf of the Settlement Class Representative, the Settlement Class, and Lehigh. The Escrow Agent shall cause the Settlement Fund to be invested exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments), except that any cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. The Escrow Agent shall cause all interest on the Escrow Account to be collected and reinvested. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. The Released Lehigh Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions

executed by the Escrow Agent. All risks related to the investment of the Settlement Fund will be borne solely by the Settlement Fund.

42.    The Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1. The Settlement Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. The Settlement Administrator shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Released Lehigh Parties shall not have any liability or responsibility for any such Taxes. Upon written request, Lehigh will provide to the Settlement Administrator the statement described in Treasury Regulation § 1.468B-3(e). The Settlement Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

43.    All Taxes shall be paid out of the Settlement Fund and shall be timely paid pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided

herein. The Released Lehigh Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator with respect to the payment of Taxes.

44.    This Settlement is not a claims-made settlement. As of the Effective Date, all rights of Lehigh in or to the Settlement Fund shall be extinguished, but for Lehigh's right to receipt of Uncashed Settlement Checks, in the manner and for the purposes described in Paragraph 8, above.

45.    Prior to the Effective Date, no disbursements shall be made out of the Settlement Fund except: (a) upon order of the Court; or (b) as provided in the Settlement. Prior to the Effective Date, the Escrow Agent may pay from the Settlement Fund Administrative Expenses actually incurred and paid or payable, which shall not exceed one hundred fifty thousand dollars ($150,000.00). If, prior to the Effective Date, Administrative Expenses exceed $150,000, such additional amounts shall be paid only after approval by both Class Counsel and Lehigh's Counsel. The Released Lehigh Parties are not responsible for, and shall not be liable for, any Administrative Expenses.

46.    If the Effective Date does not occur, or if the Settlement is not approved or is voided, terminated, or cancelled pursuant to the terms of the Settlement, the Settlement Class Representative and Class Counsel shall have no obligation to repay any of the Administrative Expenses that have been paid or incurred in accordance with Paragraph 1(b). Any amounts remaining in the Settlement Fund after payment of Administrative Expenses incurred in accordance with Paragraph 1(b), including all interest earned on the Settlement Fund net of any Taxes, shall be returned to Lehigh. No other person or entity shall have any further claim whatsoever to such amounts.

47.    The Net Settlement Fund will be distributed in the manner set forth in Paragraphs 4–8. The manner of distribution of the Net Settlement Fund, as described in Paragraphs 4–8, the

treatment of Uncashed Settlement Checks, as described in Paragraph 8, and the identity of the Settlement Administrator, as described in Paragraph 1(aa), are not necessary terms of the Settlement, and it is not a condition of the Settlement that any particular manner of distribution of the Net Settlement Fund be approved by the Court. The Settlement Class Representative and Class Counsel may not cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to the manner of distribution of the Net Settlement Fund or any other plan of distribution in this Action. Any order or proceeding relating to the manner of distribution of the Net Settlement Fund or any other plan of distribution in this Action, or any appeal from any such order, shall not operate to terminate or cancel the Settlement.

48.     Payment pursuant to the Final Judgment shall be final and conclusive against all Settlement Class Members. All Settlement Class Members who have not opted out of the Settlement Class shall be bound by all terms of the Settlement, including the Final Judgment to be entered in this Action, and will be permanently barred and enjoined from bringing any action against the Released Lehigh Parties with respect to any and all of the Released Claims.

49.     No person or entity shall have any claim or cause of action against the Settlement Class Representative, Class Counsel, the Settlement Administrator, or any other agent designated by Class Counsel arising from distributions made substantially in accordance with the Settlement, the manner of distribution of the Net Settlement Fund as approved by the Court, or any order of the Court.

50.     The Released Lehigh Parties shall have no responsibility for, interest in, or liability whatsoever with respect to distribution of the Net Settlement Fund, the payment or withholding of Taxes, the Escrow Account, the Escrow Agent, the Settlement Administrator, Administrative Expenses, or any losses incurred in connection with the foregoing. No person, including the

Settlement Class Representative, Settlement Class Members, and Class Counsel, shall have any claim of any kind against the Released Lehigh Parties with respect to the matters set forth in this paragraph.

51.    Within fifteen (15) days after the Final Approval Order from the Court, the Settlement Administrator shall finalize calculations for allocation of the Settlement proceeds and provide a reporting thereof to the Parties. To the extent any issues arise from the calculations, the Parties shall meet and confer to resolve any disputes. To the extent that the Parties are unable to resolve the disputes concerning the calculations, the Parties shall submit the settlement to Judge Rueter for final resolution of the calculations and distributions, subject to the Court's ultimate approval.

## AWARDS FOR ATTORNEYS' FEES AND SETTLEMENT CLASS REPRESENTATIVE

52.    Settlement Class Representative may seek, and the Court may award, a reasonable Case Contribution Award to him for his service in the case not to exceed two thousand five hundred dollars ($2,500.00). This shall be in addition to any Settlement Benefit that Settlement Class Representative may receive as a Settlement Class Member. If the Court approves a request for Case Contribution Award, the Settlement Administrator will distribute the Case Contribution Award to the Settlement Class Representative along with his Settlement Benefit no later than sixty (60) days after the Effective Date.

53.    No later than fourteen (14) days prior to the Objection/Exclusion Deadline, Class Counsel will apply to the Court for a Fee Award to Class Counsel to be paid from (and out of) the Settlement Fund and not to exceed one-third (33.33%) of the Settlement Fund. In addition to the Fee Award, Class Counsel will also apply to the Court for reimbursement of their Litigation Expenses, which may include a request for reimbursement of the Settlement Class

Representative's costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund and not to exceed fifty thousand dollars ($50,000.00).

54.     Any Fee Award and Litigation Expenses shall be paid to Class Counsel from out of the Settlement Fund upon request after entry of an order by the Court awarding such Fee Award and Litigation Expenses. In the event that the Fee Award or award of Litigation Expenses is later vacated, modified, reversed, or rendered void as the result of any appeal, further proceedings on remand, or successful collateral attack, Class Counsel shall repay to the Settlement Fund the amount of the Fee Award and/or Litigation Expenses reversed, vacated, or modified, including any accrued interest. Class Counsel shall make the appropriate refund or repayment in full no later than twenty-one (21) days after: (a) receiving from Lehigh's Counsel notice of the termination of the Settlement; or (b) any order reversing or modifying the Final Judgment, vacating the Final Judgment, or reducing or reversing the Fee Award or Litigation Expenses has become Final.

55.     The granting by the Court of any Case Contribution Award, Fee Award, or Litigation Expenses is not a necessary term of the Settlement, and it is not a condition of the Settlement that any particular Case Contribution Award, Fee Award, or Litigation Expenses be approved by the Court. The Settlement Class Representative and Class Counsel may not cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to any Case Contribution Award, Fee Award, or Litigation Expenses. Any order or proceeding relating to any Case Contribution Award, Fee Award, or Litigation Expenses, or any appeal from any such order, shall not operate to terminate or cancel the Settlement. However, distribution of all or a portion of the Settlement Fund may be delayed in the event of an appeal concerning any Case Contribution Award, Fee Award or Litigation Expenses.

## NO ADMISSION OF WRONGDOING

56.     Neither the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, is, may be construed as, or may be used as an admission by or against Lehigh of any fault, wrongdoing, or liability whatsoever, and Lehigh has denied all such fault, wrongdoing, or liability.

57.     Pursuant to Federal Rule of Evidence 408, entering into or carrying out the Settlement, the exhibits hereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession by Lehigh, and shall not be offered or received into evidence in any action or proceeding against the Released Lehigh Parties in any court or before any administrative agency or other tribunal for any purpose whatsoever, other than to enforce the provisions of the Settlement or the provisions of any related agreement or exhibit hereto.

## TERMINATION OF SETTLEMENT

58.     Lehigh or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an alternate judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court (each a "Termination Event"). Following the Termination Notice, and as soon as practicable, the Parties shall schedule a mediation session with Judge Rueter to address the Termination Event in good faith.

Termination of this Agreement is not valid until after the Parties have reached an impasse at mediation.

59.    The Parties agree that, if the number of persons who properly execute and file a timely request for exclusion from the Settlement reaches five percent (5%) of the Potential Settlement Class members, Lehigh has the unilateral right, in its sole discretion, to declare the Settlement void in its entirety upon notice to Class Counsel.

60.    If Lehigh elects to terminate the Settlement in accordance with the terms set forth herein, the Settlement shall be deemed terminated and cancelled and the provisions of this paragraph shall apply.

61.    Within ten (10) business days after written notice is sent by Lehigh or its counsel to the Escrow Agent and Class Counsel, the Escrow Agent shall cause the Settlement Fund and all interest earned thereon (subject to the expiration of any time deposit not to exceed ninety (90) days to be refunded to Lehigh, less any Administrative Expenses paid or incurred in accordance with the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

62.    The Settlement may be executed by Class Counsel and Lehigh's Counsel on behalf of the Parties. All counsel executing the Settlement represent and warrant that they are authorized and empowered to execute the Settlement on behalf of their clients, and that the signature of such counsel is intended to and does legally bind the clients of such counsel.

63.    Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement to effectuate its terms. Class Counsel are also authorized to enter into any modifications or amendments to the Settlement on behalf of the Settlement Class which such counsel deem appropriate.

64.    All of the exhibits attached hereto are hereby incorporated by this reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of the Settlement and the terms of any exhibit attached hereto, the terms of the Settlement shall prevail.

65.    The Settlement may be amended or modified only by a written instrument signed by or on behalf of the Settlement Class Representative and Lehigh or their successors-in-interest, except to the extent that any modification would be inconsistent with any order by the Court.

66.    The waiver by one Party of any breach of the Settlement by any other Party shall not be deemed a waiver, by that Party or by any other Party to the Settlement, of any other prior or subsequent breach of the Settlement.

67.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

68.    The Settlement and its exhibits constitute the entire agreement among the Parties hereto, and no other agreements, representations, warranties, or inducements have been made to any Party concerning the Settlement or its exhibits other than those contained and memorialized in such documents.

69.    The Settlement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts. Signatures may be originals, or facsimile or PDF copies.

70.    The Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to the Settlement.

71.    The construction, interpretation, operation, effect, and validity of the Settlement and the exhibits hereto shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania, without regard to conflicts of laws, except to the extent federal law requires that federal law govern.

72.    Any action arising under or to enforce the Settlement or any portion thereof, shall be commenced and maintained only in this Court.

73.    The Parties and their counsel agree to use their best efforts, and to take all reasonable steps necessary, to obtain the entry of the Final Judgment, and to effectuate the Settlement. Any such actions taken by the Parties, and any actions taken by the Parties to comply with the Settlement, will be in accordance with federal, state, and/or local law, including but not limited to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. Part 99.

74.    If any Party is required to give notice to another Party under the Settlement, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

If to the Settlement Class
Representative or Class Counsel:

**LYNCH CARPENTER, LLP**
Attn: Nicholas A. Colella
1133 Penn Ave., Floor 5
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Email: nickc@lcllp.com

**LEEDS BROWN LAW, P.C.**
Attn: Anthony Alesandro
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
Email: aalesandro@leedsbrownlaw.com

If to Lehigh:                              **SAUL EWING LLP**
                                          Attn: James A. Keller
                                          Centre Square West
                                          1500 Market Street, 38th Floor
                                          Philadelphia, PA 19102
                                          Telephone: (215) 972-7777
                                          Email: james.keller@saul.com

75.    The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Settlement Class Representative, or any other Settlement Class Members, against the Released Lehigh Parties with respect to the Released Claims. Accordingly, Settlement Class Representative and their counsel, and Lehigh and its counsel, agree not to assert in any forum that this Action was brought or defended in bad faith or without a reasonable basis. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement to be executed, by their duly authorized attorneys, as of the date stated above.

Dated:  __January 3, 2025__                        **LYNCH CARPENTER, LLP**

By: */s/ Nicholas A. Colella* ____
Nicholas A. Colella
1133 Penn Ave., Floor 5
Pittsburgh, PA 15222
nickc@lcllp.com

Dated:  __January 3, 2025__                        **LEEDS BROWN LAW, P.C.**

By: */s/ Anthony Alesandro* ____
Anthony Alesandro
One Old Country Road, Suite 347
Carle Place, NY 11514
aalesandro@leedsbrownlaw.com

***Attorneys for the Named Plaintiff and the Putative Class***

Dated: January 10, 2025 ____                        **SAUL EWING LLP**
By: */s/ James A. Keller*
James A. Keller
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
james.keller@saul.com

***Attorney for Lehigh University***

**[*signatures continued on next page*]**

Dated:     01/06/2025

/s/ John Neubert

John Neubert

*Plaintiff*

/s/

Christine Cook
Interim VP for Finance and Administration

*Lehigh University*

Dated:     1 / 10 / 2025

Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOHN NEUBERT, *individually and on behalf of all others similarly situated*,

        Plaintiff,

    v.

LEHIGH UNIVERSITY,

        Defendant.

Case No.: 5:24-CV-00831-JFL

---

### [PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO PRELIMINARILY APPROVE CLASS ACTION SETTLEMENT, CERTIFY THE CLASS, APPOINT CLASS COUNSEL, APPROVE PROPOSED CLASS NOTICE, AND SCHEDULE A FINAL APPROVAL HEARING

**WHEREAS**, Plaintiff John Neubert ("Plaintiff" or "Named Plaintiff"), individually and as representative of the class defined below, and Defendant Lehigh University ("Defendant" or "Lehigh") (and with Plaintiff, the "Parties") have entered into a Settlement Agreement that was stipulated to on January 3, 2025, which, if approved, would resolve this class action ("Action").

**WHEREAS**, Plaintiff has filed a motion for preliminary approval of the proposed settlement ("Settlement") set forth in the Settlement Agreement, which Lehigh does not oppose, and the Court has reviewed and considered the motion, the supporting brief, the supporting declarations, the Settlement Agreement, and all exhibits thereto, including the proposed class notices (hereinafter, the "Notices"), and finds there is sufficient basis for granting preliminary approval of the Settlement, directing that the Short Form Notice be disseminated to the class, and setting a hearing at which the Court will consider whether to grant final approval of the Settlement;

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Settlement and its exhibits,

1

**IT IS HEREBY ORDERED** that:

1.     Unless otherwise defined herein, defined terms used in this Order have the same meaning as defined in the Settlement Agreement.

2.     The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein.

3.     This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4.     The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class Members set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class Members without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class Members; (c) meets all applicable requirements of law; and (d) is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

5.     For purposes of the proposed Settlement only, the Court preliminarily finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and provisionally certifies the following Settlement Class:

> All Lehigh University students—inclusive of undergraduate, graduate, and doctoral—who satisfied their payment obligations for

2

the Spring Semester 2020 tuition and/or Mandatory Fees and enrolled in at least one in-person, on-campus class.

Excluded from the Settlement Class is: (i) any person who withdrew from Lehigh on or before March 12, 2020, (ii) all students who received full Lehigh-funded scholarships for the Spring 2020 semester; and/or (iii) Defendant; Defendant's officers, directors, agents, trustees, parents, children, corporations, trustees, representatives, employees, principals, servants, partners, joint venturers, and/or entities controlled by Defendant; and/or Defendant's heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers.

6.    For purposes of the proposed Settlement only, the Court preliminarily finds and determines, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, as follows: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class, and those questions predominate over any individual questions; (c) the claims of Named Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Named Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating the Action.

7.    For purposes of the proposed Settlement only, the Court preliminarily appoints Named Plaintiff John Neubert as Settlement Class Representative.

8.    For purposes of the proposed Settlement only, the Court preliminarily appoints Nicholas A. Colella of Lynch Carpenter, LLP and Michael A. Tompkins and Anthony M. Alesandro of Leeds Brown Law, P.C. as Class Counsel to act on behalf of the Settlement Class and the Settlement Class Representative with respect to the Settlement. The Court preliminarily authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class

Representative and the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

9.     The Court appoints the firm of RG/2 Claims Administration LLC to administer the Notice procedure and distribute the Net Settlement Fund, under the supervision of Class Counsel.

10.     Having reviewed the proposed Short Form Notice of Proposed Class Action Settlement and Hearing ("Short Form Notice"), and the proposed Long Form Notice of Proposed Class Action Settlement and Hearing ("Long Form Notice"), submitted by the Parties as Exhibits A-1 and A-2 to the Settlement, the Court approves, as to form and content, such Notices.

11.     Within thirty (30) days after the entry of this Order, Lehigh shall produce to the Settlement Administrator a list from the University Registrar's records that includes the names and last known email and postal addresses, to the extent available, belonging to all Settlement Class Members.

12.     Within forty-five (45) days after the entry of this Order, the Settlement Administrator shall send, via email to persons listed on the Class List, the Short Form Notice substantially in the form submitted to the Court; and if an email address is not listed for a Settlement Class Member on the Class List, such Short Form Notice shall be sent by the Settlement Administrator to the Settlement Class Member's last known mailing address via U.S. mail.

13.     No later than forty-five (45) days after the entry of this Order, and before the issuance of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website, which shall include, when available, in downloadable format, the following: (i) the Long Form Notice; (ii) the Preliminary Approval Order (when entered); (iii) the Settlement Agreement (including all exhibits); (iv) a Question and Answer section agreed to by the Parties anticipating and answering Settlement-related questions from prospective class members; (v) contact

information for the Settlement Administrator, including a Toll Free number, as well as Settlement Class Counsel; and (vi) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall allow Settlement Class Members to provide an updated mailing address to receive a paper check, or to elect to receive their Settlement Benefit via Venmo or PayPal.

14.    Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the Settlement Administrator evidencing compliance with the provisions set forth above concerning the distribution of Notice to the Settlement Class.

15.    No later than sixty (60) days after the entry of this Order, and until the date the Final Judgment is entered, Lehigh shall provide a link to the Settlement Website on Lehigh's website.

16.    The Court finds and determines that (a) emailing or mailing the Short Form Notice, (b) posting of the Long Form Notice on the Settlement Website, and (c) posting a link to the Settlement Website on Lehigh's website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the Notices to all persons entitled to receive such Notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

17.    Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt-out" from the Settlement Class. No Settlement Class Member may both opt-out of the Settlement and object to the Settlement; a Settlement Class Member must decide whether to opt-out of the Settlement or to object.

18.     Any person who desires to request exclusion from the Settlement Class must submit a written request for exclusion in the form and manner required by the Long Form Notice. Such written request for exclusion must be mailed to the Settlement Administrator such that it is postmarked no later than forty-five (45) days after the issuance of the Short Form Notice (the "Objection/Exclusion Deadline").

19.     All persons who submit valid and timely written requests for exclusion as set forth in this Order and the Long Form Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or any Final Judgment entered in this Action.

20.     Any motion for final approval of the Settlement and final certification of the Settlement Class for settlement purposes only, shall be filed by Class Counsel, in coordination with Lehigh's Counsel, no later than ten (10) days prior to the Final Approval Hearing.

21.     No less than seventy-five (75) days following the issuance of the Short Form Notice (or 120 days from the date of this Order), this Court will hold a hearing in the United States District Court for the Eastern District of Pennsylvania, U.S. Courthouse, Courtroom ___, 601 Market Street, Philadelphia, PA 19106, at _____ on _____, 2025 ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the proposed manner of distribution of the Net Settlement Fund should be approved as fair, reasonable, and adequate to the Settlement Class; (c) whether to approve the application of Class Counsel for an award of Attorneys' Fees and Litigation Expenses; (d) whether to approve the payment of a Case Contribution Award to the Settlement Class Representative; (e) whether a Final Judgment should be entered; and (f) any other matters that may properly be brought before the Court in connection with the Settlement. The Final

Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class. The Final Approval Hearing may be held in person, telephonically, or remotely via Zoom or other electronic platform without further notice. The Settlement Administrator shall post information about the Final Approval Hearing on the Settlement Website, and any interested persons should check the Settlement Website for any changes to the date of the Final Approval Hearing or the manner in which it will be held.

22.    Any Settlement Class Member who has not timely opted out of the Settlement may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, they will be represented by Class Counsel.

23.    Any Settlement Class Member who has not timely opted out of the Settlement may object to the Settlement, the manner of distribution of the Net Settlement Fund, the application for Case Contribution Award, the Fee Award, and/or the Litigation Expense Award, or may appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Judgment should not be entered thereon, why the Case Contribution Award should not be approved, or why the Fee Award or Litigation Expense Award should not be approved. Any such objection must be in the form and manner required by the Long Form Notice.

24.    No Settlement Class Member or other person will be heard on such matters unless they have postmarked no later than the Objection/Exclusion Deadline a written objection that: (a) states that the person objecting is a Settlement Class Member; (b) includes the name, address, email, and telephone number of the Settlement Class Member objecting; (c) is personally signed by the objecting Settlement Class Member; (d) contains a statement that includes all objections,

7

states whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and states the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon); (e) includes a statement of whether the objector intends to appear at the Final Approval Hearing, with or without counsel; and (f) is otherwise in the form and manner required by the Long Form Notice. Such written objections, briefs, papers, and statements must be filed with the Court, and copies must be delivered by mail, hand, or overnight delivery services at the same time to the following counsel:

Nicholas A. Colella
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

-and-

Anthony M. Alesandro
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514

*Class Counsel*

James A. Keller
James A. Morsch
Jesse L. Krohn
SAUL EWING LLP
1500 Market St., 38th Fl.
Philadelphia, PA 19102

*Counsel for Lehigh University*

25.    If a Settlement Class Member objects to the Settlement and the Settlement is nonetheless approved by the Court, then the objecting Settlement Class Member is a member of the Settlement Class and will receive their share of the Net Settlement Fund.

8

26.     If any Settlement Class Member does not make an objection in the form and manner set forth above and in the Long Form Notice, such Settlement Class Member shall be deemed to have waived any objections and shall be forever barred from raising such objections in this Action or any other action or proceeding, absent further order of the Court.

27.     This Order shall constitute a "judicial order" within the meaning of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9), sufficient to compel Lehigh to provide the "Class List" and other student information required for distribution of the Settlement Fund to Class Counsel and the Settlement Administrator in accordance with this Order.

28.     Upon the Effective Date set forth in Paragraph 1(g) of the Settlement Agreement, the Releasing Settlement Class Parties shall have fully, finally, and forever released all Released Claims against the Released Lehigh Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Lehigh Parties.

29.     Upon the Effective Date set forth in Paragraph 1(g) of the Settlement Agreement, only persons who are Settlement Class Members shall have rights in the distribution of the Settlement Fund created by the Settlement, except as provided in the Settlement.

30.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court. Funds for Uncashed Settlement Checks shall be returned to Lehigh to be paid into a financial aids or hardship fund for Lehigh students.

31.     The application for attorneys' fees and litigation expenses must be filed at least fourteen (14) days prior to the Objection/Exclusion Deadline.

**Further Matters**

32.     All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement.

33.     Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement and Final Judgment as to the same, whether favorable or unfavorable.

34.     The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement. The Court may approve the Settlement with such modifications as may be agreed by the Parties, if appropriate, without further Notice to the Settlement Class.


Dated: _____          _____
                                        Hon. Joseph F. Leeson, Jr.
                                        United States District Judge

10

Exhibit A-1

**Subject: NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

PLEASE READ THIS NOTICE CAREFULLY.  If you were a student enrolled at Lehigh University ("Lehigh" or "University") after March 12, 2020, and satisfied your payment obligation of tuition and/or mandatory fees by Lehigh for the Spring 2020 semester, you may be eligible to receive a payment as part of a proposed settlement of *Neubert v. Lehigh University*, Civil Action No. 5:24-cv-831 (E.D. Pa.) (the "Action").

In this Action, Plaintiff alleged Lehigh breached a contract when it transitioned to remote learning in response to the COVID-19 pandemic.  Plaintiff also alleged that Lehigh's shift to remote learning gave rise to a claim of unjust enrichment.  Plaintiff sought a refund of a portion of the tuition and mandatory fees for the Spring 2020 semester.  Lehigh denies all allegations of wrongdoing, and there has been no finding of liability in any court.  However, considering the interest of both Lehigh and its students in prompt resolution of the matter, Lehigh and Plaintiff have agreed that Lehigh will pay $1,750,000 into a Settlement Fund to resolve the Action.

**Am I a Class Member?**  If you were a student enrolled at Lehigh after March 12, 2020; satisfied your payment obligation of tuition and/or mandatory fees for the Spring 2020 semester; and were enrolled for the Spring 2020 semester in at least one class that was meeting in person and on campus at the beginning of the Spring 2020 semester; then **you are part of the proposed settlement class (a "Settlement Class Member").  If you are a Settlement Class Member, you do not have to do anything to participate in and receive the benefits of the proposed Settlement.**

**How Do I Get a Payment?**  Your payment will be sent automatically by first class U.S. Mail to your last known mailing address on file with the University Registrar. Class Members will also have the option to visit the Settlement Website at www.PLACEHOLDER.com to choose one of the following selections: (a) provide an updated address for sending a check; or (b) elect to receive the Settlement Benefit by Venmo or PayPal instead of a paper check.  This action must be taken no later than forty-five (45) days after the Effective Date, as defined in the proposed Settlement.  That date will also be posted on the Settlement Website when it is known, but it will be some time after the Final Approval Hearing, currently scheduled for [DATE].

By participating in the proposed Settlement, you release your right to bring any claim covered by the proposed Settlement, including bringing any claim related to Lehigh's transition to remote learning in the Spring 2020 semester, or joining any other action against Lehigh related to Lehigh's transition to remote learning in the Spring 2020 semester.

**What Are My Other Options?**  If you do not want to participate in this proposed Settlement— meaning you do not want to receive the Settlement Benefit, and you do not want to be bound by any judgment entered in this case—you may exclude yourself by mailing a signed opt-out request to the Settlement Administrator, which must be postmarked no later than [OPT-OUT DATE].  Be aware that the statute of limitations may impact your ability to file a claim. If you instead want to object to this proposed Settlement because you think it is not fair, adequate, or

reasonable, you may submit an objection, which also must be postmarked no later than [OBJECTION DATE].  Please follow the detailed instructions outlined in the Long Form Notice and the Settlement Agreement, which can both be found at www.PLACEHOLDER.com, to properly opt-out from, or object to, the proposed Settlement.

**What Happens Next?**  The Court has preliminarily approved the proposed Settlement, but the distribution of payments will occur only if the Court grants final approval of the proposed Settlement.  The Final Approval Hearing in this case is scheduled for [DATE].  At that hearing, the Court will consider whether to grant final approval of the proposed Settlement, and whether to approve payment from the Settlement Fund of: (1) an award to the Settlement Class Representative for his service in this litigation; and (2) Class Counsel's requested attorneys' fees, which will not exceed thirty-three and one-third percent of the Settlement Fund and will be posted on the Settlement Website after [DEADLINE FOR MOTION FOR FEES], and reimbursement for litigation costs.

**You are encouraged to review the Long Form Notice.  To review the Long Form Notice, review other important documents, including the Settlement Agreement, and obtain more information about the proposed Settlement, please visit www.PLACEHOLDER.com.**

**If you have any questions, you can contact Class Counsel: Nicholas A. Colella at Lynch Carpenter, LLP, (412) 322-9243, or Anthony M. Alesandro at Leeds Brown Law, P.C., (516) 873-9550.**

**You can also contact the Settlement Administrator by calling toll-free [PLACE HOLDER], or by emailing [PLACE HOLDER].**

Exhibit A-2

## <u>NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT</u>

*Neubert v. Lehigh University*, Civil Action No. 5:24-cv-831 (E.D. Pa.)

**ATTENTION: ALL STUDENTS ENROLLED AT LEHIGH UNIVERSITY AFTER MARCH 12, 2020, WHO SATISFIED THEIR PAYMENT OBLIGATIONS FOR TUITION AND/OR MANDATORY FEES FOR THE SPRING 2020 SEMESTER**

**The United States District Court for the Eastern District of Pennsylvania has authorized this notice. It is not a solicitation from a lawyer. You are not being sued. If you have received a notice of this lawsuit in the mail or by e-mail, you have been identified as a person who is or may be a member of the settlement class in this lawsuit, and the proposed settlement of this lawsuit, if approved, may affect your legal rights. You should read this notice carefully.**

**If you were enrolled as a student at Lehigh University ("Lehigh" or "University") after March 12, 2020, satisfied your payment obligations for tuition and/or mandatory fees for the Spring 2020 semester, and were enrolled for the Spring 2020 semester in at least one class that was meeting in person and on campus at the beginning of the Spring 2020 semester, you are part of the proposed settlement class (a "Settlement Class Member") affected by this lawsuit.**

The purpose of this notice is to inform you of a proposed Settlement relating to a class action lawsuit brought by Plaintiff, a student at Lehigh during the Spring 2020 semester, against Lehigh, on behalf of a putative class of students who paid tuition and/or mandatory fees for the Spring 2020 semester. The case is captioned *Neubert v. Lehigh University*, Civil Action No. 5:24-cv-831 (E.D. Pa.) (the "Action").

In this Action, Plaintiff alleged Lehigh breached a contract when it transitioned to remote learning in response to the COVID-19 pandemic. Plaintiff also alleged that Lehigh's shift to remote learning gave rise to a claim of unjust enrichment. Plaintiff sought a refund of a portion of the tuition and mandatory fees for the Spring 2020 semester. Lehigh denies all allegations of wrongdoing and there has been no finding of liability in any court. However, considering the interests of both Lehigh and its students in prompt resolution of the matter, Lehigh and Plaintiff have agreed that Lehigh will pay $1,750,000 into a Settlement Fund to resolve the Action.

The terms of the agreement are set forth in the proposed Settlement that must be approved by the United States District Court for the Eastern District of Pennsylvania. This notice includes information about the proposed Settlement, a final approval hearing scheduled by the Court, and the process for being heard by the Court.

**SUMMARY OF THE OPTIONS AND THE LEGAL EFFECT OF**
**EACH OPTION FOR SETTLEMENT CLASS MEMBERS**

| YOUR OPTIONS | INSTRUCTIONS | DUE DATE |
|---|---|---|
| **DO NOTHING AND AUTOMATICALLY RECEIVE A PAYMENT** | Your payment will be sent automatically by first class U.S. Mail to your last known mailing address on file with the University Registrar. Class Members will also have the option, but are not required, to visit the Settlement Website at www.PLACEHOLDER.com to choose one of the following selections: (a) provide an updated address for sending a check; or (b) elect to receive the Settlement Benefit by Venmo or PayPal instead of a paper check. | See Answer 7(a). |
| **EXCLUDE YOURSELF FROM THE PROPOSED SETTLEMENT** | You can choose to "opt out" of the proposed Settlement.  Opting out means that you choose not to participate in the proposed Settlement. It also means that you cannot object to the proposed Settlement (see below).  If you opt out, you will not receive a payment and you will keep any individual claims you may have against Lehigh relating to the transition to remote learning in the Spring 2020 semester. Be aware that the statute of limitations may impact your ability to file a claim. For more detailed opt-out instructions, see Answer 11 below. | Postmarked no later than OPT-OUT DEADLINE. See Answer 7(b). |
| **OBJECT TO THE PROPOSED SETTLEMENT** | You can file an objection with the Court explaining why you believe the Court should reject the proposed Settlement.  If your objection is overruled by the Court and the proposed Settlement is approved, then you would be included in the Settlement Class.  If the Court agrees with your objection, then the proposed Settlement may not be approved.  If you choose to object, you may not also opt out of the proposed Settlement, as only participating class members may object to a proposed Settlement.  For more detailed objection instructions, see Answer 12 below. | Postmarked no later than OBJECTION DEADLINE.  See Answer 7(c). |

These rights and options—and the deadlines to exercise them—along with the material terms of the proposed Settlement are explained further below in this notice.

## BASIC INFORMATION

**1.    What is this lawsuit about?**

The class action being settled is captioned *Neubert v. Lehigh University*, Civil Action No. 5:24-cv-831 (E.D. Pa.).  This case is a putative class action, meaning that the Settlement Class Representative—John Neubert—brought this action as an individual acting on behalf of a putative class of students who paid tuition and/or mandatory fees for the Spring 2020 semester at Lehigh.  The Settlement Class Representative alleged claims for breach of contract and unjust enrichment. With the help of a mediator, the Parties came to the proposed Settlement.

**2.    Why did I receive notice of this lawsuit?**

If you received notice of this lawsuit, it is because Lehigh's records indicate that you were enrolled as a student at Lehigh during the Spring 2020 semester and satisfied your payment obligations of tuition and/or mandatory fees that are the subject of this Action.  The Court directed that this notice be made available to all Settlement Class Members because each member has a right to notice of the proposed Settlement and the options available to them before the Court decides whether to approve the proposed Settlement.

**3.    How do I know if I am part of the Settlement Class?**

If you were enrolled as a student at Lehigh after March 12, 2020; satisfied your payment obligations for tuition and/or mandatory fees for the Spring 2020 semester; and were enrolled for the Spring 2020 semester in at least one class that was meeting in person and on campus at the beginning of the Spring 2020 semester, then you potentially qualify as a Settlement Class Member.

**4.    Why did the Parties Settle?**

In any lawsuit, there are risks and potential benefits that come with litigating as compared to settling.  It is the Settlement Class Representative's and their lawyers' ("Class Counsel") job to identify when a proposed Settlement offer is sufficient and justifies settling the case instead of continuing to litigate.  In a class action, class counsel determines when to recommend settling to the class representative.  The class representative then has a duty to act in the best interests of the class as a whole when deciding whether to accept this recommendation.  In this case, it is the belief of the Settlement Class Representative and Class Counsel that this proposed Settlement is in the best interest of all Settlement Class Members.

Lehigh denies the claims asserted and believes that its actions were proper and in accordance with the terms of its policies, agreements, and applicable law.  Lehigh denies that its actions give rise to any claim by the Settlement Class Representative or any Settlement Class Members.

3

However, given the benefit Lehigh and its students will receive from a negotiated settlement and prompt resolution of the case, Lehigh considers it desirable to resolve the Action.

**5.      What must happen for the proposed Settlement to be approved?**

The Court must decide that the proposed Settlement is fair, reasonable, and adequate before it will approve the proposed Settlement.  At this time, the Court has already reviewed and decided to grant preliminary approval of the proposed Settlement, after which notice was disseminated to Settlement Class Members.  The Court will make a final decision regarding the proposed Settlement at a Final Approval Hearing, which is currently scheduled for [DATE], 2025.

<u>**YOUR OPTIONS**</u>

**6.      What options do I have with respect to the proposed Settlement?**

If you are a Settlement Class Member, you have three options with respect to this proposed Settlement: (1) do nothing and be eligible to participate in the proposed Settlement and receive the Settlement Benefit allocated to you according to the terms of the proposed Settlement; (2) opt out of the proposed Settlement; or (3) participate in the proposed Settlement, but object to it. Each of these options is described further below.

**7.      What are the details and deadlines related to my options?**

a.      If you do nothing, and the proposed Settlement is approved by the Court, you will be eligible to participate in the proposed Settlement and to receive the Settlement Benefit allocated to you according to the terms of the proposed Settlement. Your payment will be sent automatically by first class U.S. Mail to your last known mailing address on file with the University Registrar. Class Members will also have the option, but are not required, to visit the Settlement Website at www.PLACEHOLDER.com to choose one of the following selections: (a) provide an updated address for sending a check; or (b) elect to receive the Settlement Benefit by Venmo or PayPal instead of a paper check.  These actions must be taken no later than forty-five (45) days after the Effective Date, as defined in the proposed Settlement.  That date will also be posted on the Settlement Website when it is known, but it will be some time after the Final Approval Hearing, currently scheduled for [DATE].

b.      If you would like to opt out to the proposed Settlement, your request must be postmarked no later than OPT-OUT DEADLINE.

c.      If you would like to object to the proposed Settlement, your objection must be filed no later than OBJECTION DEADLINE.

**8.      How do I decide which option to choose?**

If you would prefer not to participate in the proposed Settlement, then you may want to consider opting out. If you opt out, you will not receive a payment and you will keep any individual claims you may have against Lehigh relating to the transition to remote learning in the Spring 2020 semester.

If you believe the proposed Settlement is unreasonable, unfair, or inadequate and that the Court should reject the proposed Settlement, you may consider objecting to the proposed Settlement rather than opting out. The Court will decide if your objection is valid. If the Court agrees, then the proposed Settlement may not be approved. If your objection (or any other objection) is overruled, and the proposed Settlement is approved, then you will still receive a payment under the proposed Settlement and you will be bound by the proposed Settlement. Note that if you do not object to the proposed Settlement, and the proposed Settlement is later approved, you cannot appeal that approval order.

**9.      Do I have to do anything if I want to participate in the proposed Settlement?**

No. If you do nothing, and the proposed Settlement is approved by the Court, you will be eligible to participate in the proposed Settlement and to receive the Settlement Benefit allocated to you according to the terms of the proposed Settlement. Your payment will be sent automatically by first class U.S. Mail to your last known mailing address on file with the University Registrar. Class Members will also have the option to visit the Settlement Website at www.PLACEHOLDER.com to (a) provide an updated address for sending a check or (b) elect to receive the Settlement Benefit by Venmo or PayPal instead of a paper check. These actions must be taken no later than forty-five (45) days after the Effective Date, as defined in the proposed Settlement. That date will also be posted on the Settlement Website when it is known, but it will be some time after the Final Approval Hearing, currently scheduled for [DATE].

<u>**OPTING OUT OF THE PROPOSED SETTLEMENT**</u>

**10.      What happens if I opt out of the proposed Settlement?**

If you opt out of the proposed Settlement, you will preserve any claims you may have against Lehigh related to Lehigh's transition to remote learning in the Spring 2020 semester. However, you will not be entitled to object to the settlement or receive a payment from this proposed Settlement—assuming that the proposed Settlement is approved by the Court. Be aware, the statute of limitations may impact your ability to bring a claim.

**11.      How do I opt out of the proposed Settlement?**

To opt out of the proposed Settlement, you must send a written request to the Settlement Administrator at: [insert], which must:

      a.      include a statement requesting to opt out of the Settlement Class;

      b.      be personally signed by you;

c.       include your name, address, and either a telephone number or email address;

d.       include the caption for the Action: *Neubert v. Lehigh University*, Civil Action No. 5:24-cv-831 (E.D. Pa.); and

e.       be postmarked no later than <mark>OPT-OUT DEADLINE</mark>.

A request to opt out of the proposed Settlement that does not meet the above requirements, or that is sent to an address other than that of the Settlement Administrator, will be invalid and the person sending the defective request will remain in the Settlement Class and, if the proposed Settlement is approved by the Court, will receive a payment, and will be bound by the proposed Settlement.

A request to opt out of the proposed Settlement must be done on an individual basis. A Settlement Class Member cannot purport to opt others out of the proposed Settlement on a class or representative basis.

## OBJECTING TO THE PROPOSED SETTLEMENT

**12.    How do I object to the proposed Settlement?**

You can object to the proposed Settlement, or any part of it, so long as you do not opt out of the proposed Settlement, as only Settlement Class Members have the right to object to the proposed Settlement, including any attorneys' fees sought by Class Counsel. To have your objection considered by the Court at the Final Approval Hearing, your objection must:

a.       include your name, address, and either a telephone number or email address; and state that you are a Settlement Class Member;

b.       be personally signed by you, the objecting Settlement Class Member;

c.       contain a statement that includes all objections, states whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and states the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon); and

d.       state whether you wish to speak at the Final Approval Hearing, and whether you are represented by counsel.

Your objection and any accompanying papers must be filed with the Clerk of Court. If you are represented by counsel, the objection must be filed through the Court's electronic case filing (ECF) system. All objections must also be mailed at the same time to Class Counsel, Lehigh's Counsel, and the Settlement Administrator at the addresses below. All objections must be postmarked no later than <mark>OBJECTION DEADLINE</mark>.

| Clerk of Court | Settlement Administrator | Class Counsel | Lehigh's Counsel |
|---|---|---|---|
| Clerk of the Court United States District Court for the Eastern District of Pennsylvania U.S. Courthouse 601 Market Street, Philadelphia, PA 19106 | [insert] | **LYNCH CARPENTER, LLP** Attn: Nicholas A. Colella 1133 Penn Avenue, 5th Floor Pittsburgh, PA 15222 **LEEDS BROWN LAW, P.C.** Attn: Anthony M. Alesandro One Old Country Road, Suite 347 Carle Place, NY 11514 | **SAUL EWING LLP** Attn: James A. Keller 1500 Market Street, 38th Floor Philadelphia, PA 19102 |

**13.    What happens if I object to the proposed Settlement?**

If you object to the proposed Settlement, the Court will consider your objection at the Final Approval Hearing.  If the Court sustains your objection, or the objection of any other Settlement Class Member, the proposed Settlement may not be approved.  If you object, but the Court overrules your objection and any other objections and approves the proposed Settlement, then you will be bound by the proposed Settlement, and you may appeal the approval order to the extent that it overrules your objection.

**14.    What is the difference between objecting and opting out of the proposed Settlement?**

Objecting to the proposed Settlement is telling the Court that you do not believe the proposed Settlement is fair, reasonable, and adequate for the Settlement Class, and asking the Court to reject it.  If you object to the proposed Settlement and the proposed Settlement is ultimately approved, then you are entitled to a payment and will release any claims related to Lehigh's transition to remote learning in the Spring 2020 semester.  Opting out of the proposed Settlement, however, is telling the Court that you do not want to be a part of the proposed Settlement if it is approved, you do not want to receive a payment, and you will not release claims you might have against Lehigh that would otherwise have been released by participating in the proposed Settlement.

**15.    Can I opt out and object to the proposed Settlement?**

No.  To object to the proposed Settlement, you must participate in the proposed Settlement.  Thus, you must choose between opting out or objecting to the proposed Settlement.

<u>**THE PROPOSED SETTLEMENT PAYMENT**</u>

**16.    How much is this proposed Settlement?**

7

The Parties have agreed to a Settlement Fund of $1,750,000.

As discussed in more detail below, attorneys' fees and costs, a contribution award for the Settlement Class Representative, and administrative fees, including the costs paid to a third-party Settlement Administrator, will be paid out of the Settlement Fund. Thereafter, the remaining funds—the Net Settlement Fund—will be divided among all Settlement Class Members entitled to payments as outlined in the proposed Settlement and discussed further below in Answer 20.

**17.    How much of the Settlement Fund will be used to pay for attorneys' fees and costs?**

Class Counsel will request that the Court approve attorneys' fees of not more than thirty-three and one-third percent of the Settlement Fund, and will request that Class Counsel be reimbursed for their out-of-pocket litigation costs incurred in litigating the Action. Class Counsel must submit their request to the Court by DEADLINE FOR MOTION FOR FEES, at which point the amount of the requested attorneys' fees, as well as Class Counsel's motion, will be published on the Settlement Website at www.PLACEHOLDER.com. The Court will then decide the amount of the attorneys' fees and costs based on a number of factors, including the risk associated with bringing the Action, the amount of time spent on the case, the magnitude and complexity of the Action, the quality of the work, and the requested fee in relation to the outcome of the Action.

**18.    How much of the Settlement Fund will be used to pay the Settlement Class Representative?**

Class Counsel will request that the Settlement Class Representative, John Neubert, be paid an award in the amount of no more than $2,500, in recognition of his work in connection with this case. The award must be approved by the Court.

**19.    How much of the Settlement Fund will be used to pay administrative expenses?**

A third-party Settlement Administrator was retained to provide notice and administer the payments to Settlement Class Members. The expenses of the Settlement Administrator are projected to not exceed $55,000. In the event that such expenses exceed $55,000, such additional amounts shall be paid only after approval by both Class Counsel and Lehigh's Counsel.

**20.    How much will my payment be?**

The balance of the Settlement Fund after paying administrative expenses, attorneys' fees and costs, and award to the Settlement Class Representative, will be known as the Net Settlement Fund. The Net Settlement Fund will be allocated pro rata to each Settlement Class Member based on the ratio of (a) the total amount of Spring 2020 Tuition and Fees assessed to Potential Settlement Class Members enrolled at Lehigh during the Spring 2020 semester to (b) the total amount of Spring 2020 Tuition and Fees assessed to each individual Potential Settlement Class Member enrolled at Lehigh during the Spring 2020 semester, less Financial Aid and any unpaid

balances related to the Spring 2020 term as reflected on the Settlement Class Member's account with Lehigh, and any refunds already distributed related to Spring 2020 semester.

**21.     When will I receive my payment?**

The Court will hold a Final Approval Hearing on ==HEARING DATE== to consider whether the proposed Settlement should be approved.  If the Court approves the proposed Settlement, then payments will be distributed within sixty (60) days of the date after which the proposed Settlement becomes final, as defined in the Settlement Agreement.

## THE FINAL APPROVAL HEARING

**22.     When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Final Approval Hearing on ==HEARING DATE== at the United States District Court for the Eastern District of Pennsylvania, U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106.  At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate.  If objections have been properly submitted, the Court will consider them.  The Court may also decide how much to award Class Counsel for attorneys' fees and litigation costs and the amount of the award to the Settlement Class Representative.  The hearing will be public.  The hearing may be virtual, in which case the instructions for viewing the hearing and participating will be posted on the Settlement Website at ==www.PLACEHOLDER.com==.  The date and time of the Final Approval Hearing may change without further notice.  Please check the Settlement Website for updates.

**23.     Do I have to come to the Final Approval Hearing?**

No.  Class Counsel will answer any questions the Court may have.  You may attend if you desire to do so.  If you have properly submitted an objection, the Court will consider your objection regardless of whether you attend.

**24.     May I speak at the Final Approval Hearing?**

If you are a Settlement Class Member, you may ask the Court for permission to speak at the Final Approval Hearing.  If you are objecting and would like to speak at the Final Approval Hearing, you must state in your objection, as described in Answer 12 above, that you wish to be heard at the Final Approval Hearing.

## THE LAWYERS REPRESENTING THE CLASS

**25.     Do I have a lawyer in this case?**

The Court has ordered that Nicholas A. Colella of Lynch Carpenter, LLP and Michael A. Tompkins and Anthony M. Alesandro of Leeds Brown Law, P.C. will serve as Class Counsel and will represent all Settlement Class Members in this matter.

**26.    Do I have to pay the lawyers bringing this suit on behalf of the Settlement Class?**

No.  Class Counsel will be paid directly from the Settlement Fund, subject to the Court's approval.

**27.    Who determines what the attorneys' fees will be?**

The Court will be asked to approve the amount of attorneys' fees at the Final Approval Hearing. Class Counsel will file an application for attorneys' fees, which shall not exceed thirty-three and one-third percent of the Settlement Fund, plus their out-of-pocket litigation costs, and will specify the amount being sought. Class Counsel must submit its request to the Court by DEADLINE FOR MOTION FOR FEES, at which point the amount of the requested attorneys' fees, as well as Class Counsel's motion, will be published on the Settlement Website at www.PLACEHOLDER.com. Settlement Class Members who would like to object to the amount of attorneys' fees sought by Class Counsel may do so by following the instructions described in Answer 12 above.

<u>**GETTING MORE INFORMATION**</u>

This notice only summarizes the proposed Settlement.  More details are contained in the Settlement Agreement, which can be viewed or obtained online at www.PLACEHOLDER.com. In the event of any inconsistency between the Settlement Agreement and this notice, the Settlement Agreement will govern.

For additional information about the proposed Settlement, you should contact the Settlement Administrator as follows:

For more information, you may also contact Class Counsel:

**LYNCH CARPENTER, LLP**
Attn: Nicholas A. Colella
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243

**LEEDS BROWN LAW, P.C.**
Attn: Anthony M. Alesandro
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550

**PLEASE DO NOT CONTACT THE COURT OR LEHIGH
CONCERNING THIS NOTICE OR THE PROPOSED SETTLEMENT.**