**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN NEUBERT, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>LEHIGH UNIVERSITY,<br><br>      Defendant. | Case No. 5:24-cv-00831-JFL |

**<u>PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, COSTS, AND CASE CONTRIBUTION AWARD TO
SETTLEMENT CLASS REPRESENTATIVE</u>**

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................2

I.    The Percentage of the Recovery Approach Is the Proper Standard
to Apply in Awarding Attorneys' Fees in Common Fund Cases.............................2

II.    The Requested Fee is Fair and Reasonable under the Third Circuit's
*Gunter/Prudential* Factors .........................................................................4

    A.    The Size and Nature of the Fund Created and Number
of Persons Benefitted by the Settlement ........................................................4

    B.    The Absence of Objections to the Settlement and Requested Fee..............5

    C.    The Skill and Efficiency of Attorneys Involved. .........................................6

    D.    The Complexity and Duration of the Litigation. .......................................8

    E.    The Risk of Non-Payment ...........................................................................8

    F.    The Amount of Time Devoted to the Litigation by Counsel ....................9

    G.    The Request as Compared to Awards in Similar Cases ...........................10

    H.    The Settlement Benefits Are Attributable Solely to the Efforts
of Settlement Class Counsel. ........................................................................11

    I.    The Percentage Fee Approximates the Fee that Would Have Been
Negotiated in the Private Market. .................................................................11

    J.    Innovative Terms of the Settlement ...........................................................12

III.    The Lodestar Cross-Check Confirms the Fee Request Is Reasonable..................12

IV.    Class Counsel's Request for Reimbursement of Expenses Is Reasonable ...........15

V.    The Requested Case Contribution Award Is Reasonable......................................16

CONCLUSION.....................................................................................................17

## TABLE OF AUTHORITIES

**Cases**

*Barel v. Bank of Am.*,
   255 F.R.D. 393 (E.D. Pa. 2009) ............................................................................... 17

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980) ............................................................................................... 2

*Bredbenner v. Liberty Travel, Inc.*,
   2011 WL 1344745 (D.N.J. Apr. 8, 2011) ............................................................... 17

*Brown v. Progressions Behavioral Health Servs., Inc.*,
   2017 WL 2986300 (E.D. Pa. July 13, 2017) ..................................................... 10, 17

*Dewey v. Volkswagen Aktiengesellschaft*,
   558 F. App'x 191 (3d Cir. 2014) ............................................................................. 4

*Evans v. Brigham Young Univ.*,
   2022 WL 596862 (D. Utah Feb. 28, 2022) ............................................................. 8

*Gunter v. Ridgewood Energy Corp.*,
   223 F.3d 190 (3d Cir. 2000) ........................................................................... 3, 4, 12

*Harshbarger v. Penn Mut. Life Ins. Co.*,
   2017 WL 6525783 (E.D. Pa. Dec. 20, 2017) ..................................................... 3, 11

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ........................................................................................ 4, 12

*Huffman v. Prudential Ins. Co. of Am.*,
   2019 WL 1499475 (E.D. Pa. Apr. 5, 2019) ........................................................... 10

*In re AT & T Corp., Sec. Litig.*,
   455 F.3d 160 (3d Cir. 2006) .................................................................................. 3

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .............................................................................. 6, 12

*In re Cigna-Am. Specialty Health Admin. Fee Litig.*,
   2019 WL 4082946 (E.D. Pa. Aug. 29, 2019) ......................................................... 10

*In re Diet Drugs*,
   582 F.3d 524 (3d Cir. 2009) ................................................................................. 3, 4

*In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*,
   55 F.3d 768 (3d Cir. 1995) ........................................................................... 3, 10

*In re Ikon Office Sols., Inc. Sec. Litig.*,
   194 F.R.D. 166 (E.D. Pa. 2000) ............................................................. 7, 11, 13

*In re Merck & Co., Inc. Vytorin ERISA Litig.*,
   2010 WL 547613 (D.N.J. Feb. 9, 2010) ............................................................ 10

*In re Ocean Power Techs., Inc., Sec. Litig.*,
   2016 WL 6778218 (D.N.J. Nov. 15, 2016) ............................................ 9, 11, 15, 16

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
   148 F.3d 283 (3d Cir. 1998) ............................................................................ 15

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005) ...................................................................... 12, 13

*In re Schering-Plough Corp. Enhance ERISA Litig.*,
   2012 WL 1964451 (D.N.J. May 31, 2012) ....................................................... 8, 9

*In re Schering-Plough Corp. Enhance Sec. Litig.*,
   2013 WL 5505744 (D.N.J. Oct. 1, 2013) ........................................................... 13

*In re Univ. of Miami COVID-19 Tuition & Fee Refund Litig.*,
   2022 WL 18034457 (S.D. Fla. Dec. 30, 2022) .................................................... 8

*In re Viropharma Inc. Sec. Litig.*,
   2016 WL 312108 (E.D. Pa. Jan. 25, 2016) ......................................................... 6

*In re Wilmington Tr. Sec. Litig.*,
   2018 WL 6046452 (D. Del. Nov. 19, 2018) ................................................... 16, 17

*Maldonado v. Houstoun*,
   256 F.3d 181 (3d Cir. 2001) ............................................................................ 13

*Martin v. Foster Wheeler Energy Corp.*,
   2008 WL 906472 (M.D. Pa. Mar. 31, 2008) ....................................................... 15

*McDonough v. Toys "R" Us, Inc.*,
   80 F. Supp. 3d 626 (E.D. Pa. 2015) ................................................................. 10

*McKenna v. City of Phila.*,
   582 F.3d 447 (3d Cir. 2009) ............................................................................ 12

*Mo. v. Jenkins by Agyei*,
  491 U.S. 274 (1989) ............................................................................................... 13

*Rossini v. PNC Fin. Servs. Grp., Inc.*,
  2020 WL 3481458 (W.D. Pa. June 26, 2020) ......................................................... 4

*Sullivan v. DB Invs. Inc.*,
  667 F.3d 273 (3d Cir. 2011) ............................................................................. 3, 16

*Wallace v. Powell*,
  288 F.R.D. 347 (M.D. Pa. 2012) ........................................................................... 11

**Rules**

Fed. R. Civ. P. 23 .......................................................................................................... 2

Fed. R. Civ. P. 23(h) ................................................................................................. 1, 2

Fed. R. Civ. P. 54(d)(2) ................................................................................................. 1

**Other Authorities**

Annotated Manual for Complex Litigation §21.62 (4th ed. 2019) ............................... 16

Manual for Complex Litigation (Fourth) § 21.724 (2004) .......................................... 13

## INTRODUCTION

Settlement Class Representative[1] John Neubert, moves under Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure for an award of attorneys' fees, costs, and expenses, and approval of a Case Contribution Award for the Settlement Class Representative in connection with the proposed Class Action Settlement entered into with Defendant Lehigh University ("Defendant" or "Lehigh"). The Court preliminarily approved the Settlement on January 13, 2025. ECF No. 32.[2]

Class Counsel efficiently prosecuted this action and was able to achieve an excellent result for the Settlement Class without expending unnecessary time or resources. Throughout the course of this litigation, Class Counsel engaged in extensive research into the claims, participated in formal and informal discovery through the mediation process, including the review and analysis of documents produced by Lehigh and of publicly available financial data. The Parties engaged in hard-fought settlement negotiations, including a mediation session with Hon. Thomas J. Rueter (Ret.) to reach a successful resolution. Under the Settlement Agreement, Lehigh will pay $1,750,000.00 into a common fund in exchange for a release of all claims against Lehigh arising from the transition to online, remote-only education and services caused by the COVID-19 pandemic.

If approved, the Settlement will resolve all pending claims in this action and provide monetary relief to a class of students enrolled during the Spring 2020 semester. The Settlement is an excellent result in a complex, high-risk case that provides a substantial recovery for all such students. Thus, Class Counsel respectfully request that the Court approve an award of 33.33% of

---

[1] Unless otherwise defined herein, all capitalized terms have the same definitions as those set forth in the proposed Settlement Agreement and Release ("Settlement Agreement," "Settlement," or "SA") (ECF No. 31-3).

[2] All documents filed via ECF in this matter (Case No. 5:24-cv-831-JFL) are referred to as "ECF No. [Number]" or as otherwise defined.

the Settlement Fund (including any interest earned thereon), or approximately $583,275.00 in attorneys' fees, $8,174.26 as reimbursement of litigation expenses, and $2,500.00 to the Settlement Class Representative as a Case Contribution Award. Class Counsel's lodestar is approximately $168,750, so the requested fee represents a 3.46 multiplier, which supports the reasonableness of the requested attorneys' fee award.

As discussed below and in the Declaration of Nicholas A. Colella ("Colella Dec."), it is respectfully submitted that the requested fee is reasonable when considered under the Third Circuit applicable standards, particularly in view of the substantial risks of pursuing this litigation and the results achieved for the Settlement Class. Moreover, the expenses requested are reasonable in amount and were necessarily incurred for the successful prosecution of this litigation. Finally, the requested Case Contribution Award for the Settlement Class Representative is within the customary range and is warranted to compensate the Settlement Class Representative for his participation in this litigation on behalf of the Settlement Class. Thus, Class Counsel respectfully requests that the Court award 33.33% of the Settlement Fund (including interest earned thereon) as attorneys' fees, $8,174.26 as reimbursement of litigation expenses, and $2,500.00 as Case Contribution Award for the Plaintiff.

## **ARGUMENT**

### I.    The Percentage of the Recovery Approach Is the Proper Standard to Apply in Awarding Attorneys' Fees in Common Fund Cases

It is well settled that attorneys who represent a class and whose efforts achieve a benefit for class members are "entitled to a reasonable attorney's fee from the fund as a whole" as compensation for their services. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Rule 23 also permits a court to award "reasonable attorney's fees . . . that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). As courts recognize, in addition to providing just

compensation, awards of fair attorneys' fees from a common fund "ensur[e] that competent counsel continue to be willing to undertake risky, complex, and novel litigation." *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 198 (3d Cir. 2000).[3]

In awarding attorneys' fees, the Third Circuit has held that such requests are "generally assessed under one of two methods: the percentage-of-recovery [ ] approach or the lodestar scheme." *Sullivan v. DB Invs. Inc.*, 667 F.3d 273, 330 (3d Cir. 2011). The percentage-of-recovery approach "'applies a certain percentage to the settlement fund,'" while the lodestar method "'multiplies the number of hours class counsel worked on a case by a reasonable hourly billing rate for such services.'" *Id.* (quoting *In re Diet Drugs*, 582 F.3d 524, 540 (3d Cir. 2009)). The percentage-of-recovery approach is more appropriate when, as here, there is a common fund. *In re AT & T Corp., Sec. Litig.*, 455 F.3d 160, 164 (3d Cir. 2006) (stating that the percentage method is "generally favored" in common fund cases "because it allows courts to award fees from the fund in a manner that rewards counsel for success and penalizes it for failure" (internal quotations omitted)); *see also Harshbarger v. Penn Mut. Life Ins. Co.*, No. 12-6172, 2017 WL 6525783, at *2 (E.D. Pa. Dec. 20, 2017) ("The reasonableness of attorneys' fee awards in common fund cases . . . is generally evaluated using a [percentage of recovery] approach followed by a lodestar cross-check."). The ultimate determination of the proper amount of attorneys' fees, of course, rests within the sound discretion of the district court. *See Gunter*, 223 F.3d at 195; *AT & T*, 455 F.3d at 168-69.

Regardless of which of the two methods is selected, the Third Circuit has noted that it is sensible to use the other method in order to cross-check the initial fee calculation. *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 820 (3d Cir. 1995); *see*

---

[3] Unless otherwise indicated, internal citations are omitted.

*also Dewey v. Volkswagen Aktiengesellschaft*, 558 F. App'x 191, 197 (3d Cir. 2014). Class Counsel respectfully submit that their requested fee is fair and reasonable under the percentage-of-the-fund method, as supported by the lodestar cross check, as discussed below.

## II. The Requested Fee is Fair and Reasonable under the Third Circuit's *Gunter/Prudential* Factors.

The Third Circuit requires district courts to consider the following ten factors, commonly referred to as the *Gunter/Prudential* factors, when evaluating whether a fee request is fair and reasonable:

> (1) the size of the fund created and the number of beneficiaries, (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel, (3) the skill and efficiency of the attorneys involved, (4) the complexity and duration of the litigation, (5) the risk of nonpayment, (6) the amount of time devoted to the case by plaintiffs' counsel, (7) the awards in similar cases, (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of settlement[.]

*Diet Drugs*, 582 F.3d at 541. These fee award factors "need not be applied in a formulaic way[,] . . . and in certain cases, one factor may outweigh the rest." *Gunter*, 223 F.3d at 195 n.1. Each of these factors supports the requested fee.

### A. The Size and Nature of the Fund Created and Number of Persons Benefitted by the Settlement.

Courts have consistently recognized that the result achieved is a major factor to be considered in awarding fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("the most critical factor is the degree of success obtained"); *Rossini v. PNC Fin. Servs. Grp., Inc.*, No. 2:18-CV-1370, 2020 WL 3481458 at *18 (W.D. Pa. June 26, 2020). If approved, the Settlement will provide substantial monetary relief to a nationwide class of harmed students. The Settlement exceeds the per-student amounts obtained for class members in approved settlements in similar cases. Based

on $1,750,000 common fund and approximately 5,164 Potential Settlement Class Members, the gross recovery per student is approximately $339 per student in cash. This relief compares favorably to other settlements negotiated by plaintiffs in similar actions for similar claims. *See, e.g., Smith et al v. University of Pennsylvania*, Case No. 2:20-cv-02086-TJS (E.D. Pa.) ($4.5 million settlement with a per student recovery of $173.08); *Choi et al v. Brown University*, Case No. 1:20-cv-001914-JJM-LDA (D.R.I.) ($1.5 million settlement with a per student recovery of $155.44); *Fittipaldi v. Monmouth University*, Case No. 3:20-cv-05526-RLS (D.N.J.) ($1.3 million settlement with a per student recovery of $206.50); *Rocchio v. Rutgers, The State University of New Jersey*, No. MID-L-003039-20 (N.J. Super. Ct.) ($5 million settlement with a per student recovery of $77.48); *Espejo et al v. Cornell University*, Case No. 3:20-cv-00467-MAD-ML (N.D.N.Y.) ($3 million settlement with a per student recovery of $115); *Carpey v. Board of Regents of the University of Colorado*, No. 2020cv31409 ($5 million settlement with a per student recovery of $83.33).

In light of the aforementioned settlements, this Settlement is an excellent result and exceeds the per-class member recovery in other court-approved settlements to date in similar litigation. As such, the proposed Settlement should be approved.

### B.  The Absence of Objections to the Settlement and Requested Fee.

The deadline for Settlement Class Members to object to or opt-out of the Settlement is April 14, 2025. ECF No. 32 at ¶ 18. The Settlement Administrator fully implemented the Court-approved Notice Program, sending Notice directly to approximately 5,164 Potential Settlement Class Members and creating the Settlement Website and toll-free assistance number. The Notice apprised Potential Settlement Class Members that Class Counsel would seek an award "which will not exceed thirty-three and one-third percent of the Settlement Fund" as well as reimbursement for

5

all expenses. ECF No. 31-3 pp. 54, 63. The Notice also advised Settlement Class Members how and when to object to or opt out of the Settlement. *Id*. pp. 60-62.

As the Third Circuit has noted, "[t]he vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement[.]" *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001). As of the date of this motion, no objections have been filed. Plaintiff will respond to any objection received by the objection deadline, and the Court will then be able to fully evaluate this factor by the time of the final fairness hearing.

### C.  The Skill and Efficiency of Attorneys Involved.

Class Counsel's skill and efficiency is "measured by the 'quality of the result achieved, the difficulties faced, the speed and efficiency of the recovery, the standing, experience and expertise of counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposing counsel.'" *In re Viropharma Inc. Sec. Litig.*, No. CV 12-2714, 2016 WL 312108, *16 (E.D. Pa. Jan. 25, 2016).

Class Counsel has extensive and significant experience in the field of class action litigation and has significant experience in Covid-19 litigation analogous to this action. The favorable Settlement is attributable, in large part, to the diligence, determination, hard work, and skill of Class Counsel, who developed, litigated, and successfully settled this action. As set forth in the Colella Declaration, Class Counsel is experienced in this type of litigation and have a strong track record of leading these relatively unique cases and obtaining favorable results for plaintiffs—and is uniquely aware of the risks associated with pursuing these cases through discovery, through class certification, and through summary judgment. Colella Dec. ¶¶ 21-25. Given the risks associated with this litigation, as it involved novel issues and a defense team led by equally skilled

and experienced attorneys, Class Counsel recommended this settlement to avoid the risk associated with pursuing these claims through motion practice, likely appeals, and potentially trial.

Class Counsel's proficiency and knowledge of the applicable law—and the scope and results of similar cases across the country with varied outcomes—led the parties to engage in an early mediation session to reach the final Settlement. Between the firms of Lynch Carpenter and Leeds Brown Law, the two firms have represented tens of thousands of students across the country in dozens of similar actions and are acutely aware of the risks of these types of cases, including in establishing class certification and damages. Class Counsel's skill and experience in the areas of complex Covid-19 and higher education matters, as well as in large-scale class actions, were directly responsible for the favorable Settlement. While still advocating for their clients and the putative class, Class Counsel developed a productive relationship with opposing counsel and worked collaboratively with them to streamline and appropriately sequence mediation efforts, before entering into both expensive and time-consuming discovery and motions practice. Class Counsel also worked efficiently among themselves, coordinating the work to avoid duplication or overlap, and their lodestar reflects the intensity with which this settlement was negotiated, as expected in a novel, highly complex, class action.

The quality and vigor of opposing counsel is also relevant in evaluating the quality of the services rendered by Class Counsel. *See, e.g., In re Ikon Office Sols., Inc. Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000). Here, Lehigh was represented by undeniably experienced and skilled attorneys at Saul Ewing LLP. The ability of Class Counsel to obtain a favorable outcome for the Settlement Class in the face of formidable legal opposition further confirms the quality of Class Counsel's representation and supports the reasonableness of the requested attorneys' fee award.

### D.  The Complexity and Duration of the Litigation.

During this litigation, Plaintiff faced vociferous defenses to liability, class certification, and damages—especially if contested by Lehigh. Lehigh continues to vehemently deny liability and the appropriate measure of damages, and there is no assurance that Plaintiff would have prevailed at class certification or summary judgment if contested litigation continued. Covid-19 tuition and fee litigation face significant legal hurdles related to, *inter alia*, causation and damages. This was not a simple, familiar type of case with a clear path to liability and judgment, and this litigation could have continued for several years had it not settled, including numerous appeals. And while this litigation may not have the lengthiest docket, the issues presented here have arisen and been challenged in numerous other Covid refund cases across the country and in this Circuit.

Recent precedents in similar cases have had mixed outcomes for plaintiff students. Some similar cases have ended in settlements, *supra* Section II.A., but others have had class certification denied, *e.g.*, *Evans v. Brigham Young Univ.*, No. 1:20-cv-100, 2022 WL 596862 (D. Utah Feb. 28, 2022), *aff'd*, No. 22-4050, 2023 WL 3262012 (10th Cir. May 5, 2023), or have had summary judgment granted in favor of defendant, *e.g., In re Univ. of Miami COVID-19 Tuition & Fee Refund Litig.*, No. 20-22207-CIV, 2022 WL 18034457 (S.D. Fla. Dec. 30, 2022), *aff'd sub nom. Dixon v. Univ. of Miami*, 75 F.4th 1204 (11th Cir. 2023).

Class Counsel worked diligently to achieve a significant result for the Settlement Class in the face of very real litigation risks. Accordingly, this factor supports the reasonableness of the requested attorneys' fee award.

### E.  The Risk of Non-Payment.

"Courts routinely recognize that the risk created by undertaking an action on a contingency fee basis militates in favor of approval." *In re Schering-Plough Corp. Enhance ERISA Litig.*, No.

08-1432 (DMC)(JAD), 2012 WL 1964451, at *7 (D.N.J. May 31, 2012). Class Counsel undertook this action on an entirely contingent fee basis, shouldering the risk that this litigation would yield no recovery and leave them wholly uncompensated for their time, as well as for their out-of-pocket expenses. Colella Dec. ¶ 4. A dispositive ruling at any stage of this litigation could mean zero recovery for the Settlement Class. Lehigh asserted several substantial defenses that could have eliminated any possibility of recovery for the Settlement Class, as well as non-payment for Class Counsel. Lehigh also likely would have asserted defenses that might have established offsets or credits towards the damages sought by Plaintiff, including Lehigh-backed scholarships, grants, CARES Act Refunds, and other monies paid to students to offset the costs of tuition and/or fees paid during the Spring 2020 semester. Courts within this Circuit have accordingly recognized that the risk of receiving little or no recovery is a major factor in considering an award of attorneys' fees. *See In re Ocean Power Techs., Inc., Sec. Litig.*, No. 3:14-CV-3799, 2016 WL 6778218, at *28 (D.N.J. Nov. 15, 2016). Therefore, this factor supports the requested attorneys' fee award.

### F.  The Amount of Time Devoted to the Litigation by Counsel.

Class Counsel have received no compensation for their efforts during the course of this litigation. They risked non-payment of $8,174.26 in out-of-pocket expenses and for the nearly 289.55 hours they worked on this litigation, knowing that if their efforts were not successful, no fee would be paid. Colella Dec. ¶¶ 4, 11, 13, 15, 16. Class Counsel was prepared to vigorously litigate and prosecute this case, including the likely need to have several novel issues of law resolved by appellate courts. Class Counsel spent significant time in the initial investigation of the case; talking with putative class members; researching issues of law; preparing and filing the complaint and amended complaint; reviewing and analyzing documents produced or disseminated by Lehigh; reviewing and analyzing Lehigh's publicly available financial data including in the IPEDS

database; preparing for and participating in mediation; and drafting and revising the ultimate settlement agreement and notices. *Id*. at ¶ 7. At all times, Class Counsel conducted their work with skill and efficiency, conserving resources and avoiding duplication of effort. The foregoing unquestionably represents a substantial commitment of time, personnel, and out-of-pocket expenses by Class Counsel, while taking on the substantial risk of recovering nothing for their efforts. The financial risk to Class Counsel was significant. This factor thus supports the requested attorneys' fee award.

### G.  The Request as Compared to Awards in Similar Cases.

The Third Circuit has observed that fee awards generally range from 19% to 45% of the settlement fund when the percentage-of-the-fund method is used. *See In re Gen. Motors*, 55 F.3d at 822; *McDonough v. Toys "R" Us, Inc.*, 80 F. Supp. 3d 626, 653 (E.D. Pa. 2015). The percentage requested here, 33.33%, is well within that range and comparable percentages often have been awarded in the Third Circuit.  *See, e.g., In re Cigna-Am. Specialty Health Admin. Fee Litig.*, No. 2:16-cv-03967-NIQA, 2019 WL 4082946, at *15 (E.D. Pa. Aug. 29, 2019) (approving fee award of one-third of settlement fund); *Huffman v. Prudential Ins. Co. of Am.*, No. 2:10-CV-05135, 2019 WL 1499475, at *7 (E.D. Pa. Apr. 5, 2019) (explaining that the award of one-third of the fund for attorneys' fees is consistent with fee awards in a number of recent decisions in the district); *Brown v. Progressions Behavioral Health Servs., Inc.*, No. 16-6054, 2017 WL 2986300, at *6 (E.D. Pa. July 13, 2017) (approving common fund fee of 33%); *In re Merck & Co., Inc. Vytorin ERISA Litig.*, No. 08-CV-285 (DMC), 2010 WL 547613, at *9 (D.N.J. Feb. 9, 2010) (approving common fund fee of 33 1/3%).

In addition to the cases listed above, directly analogous cases have had similar attorneys' fees approved.  *See, e.g. Nouri v. Univ. of Scranton*, No. 3:23-cv-01362 (M.D. Pa.) (ECF No. 43)

(approving attorneys' fees of one-third of the common fund); *Alunni v. Lebanon Valley College*, No. 1:23-cv-01424 (M.D. Pa.) (ECF No. 51) (same); *Engel v. Gannon Univ.*, No. 1:23-cv-244-SPB (W.D. Pa.) (ECF No. 39) (same); *Martin v. Lindenwood Univ.*, No. 4:20-cv-01128-RLW (E.D. Mo.) (ECF No. 48) (same); *Wright v. Southern New Hampshire Univ.*, No. 1:20-cv-00609-LM (D.N.H.) (ECF No. 37) (same); *Rosado v. Barry Univ.*, Case No. 1:20-cv-21813 (S.D. Fla.) (ECF No. 84) (same); *Fittipaldi v. Monmouth Univ.*, Case No. 3:20-cv-05526-RLS (D.N.J.) (ECF No. 80) (same).

### H.  The Settlement Benefits Are Attributable Solely to the Efforts of Settlement Class Counsel.

Class Counsel were the only ones investigating and pursuing the claims at issue in this litigation on behalf of the Settlement Class, and they alone actively litigated the proceedings—as opposed to benefitting from the efforts of governmental/regulatory action or other civil litigation regarding the same or similar issues against Lehigh. This factor thus supports the fee request.  *See Harshbarger*, 2017 WL 6525783, at \*5 ("Because Class Counsel were the only ones pursuing the claims at issue in this case, this factor weighs in favor of approval.").

### I.  The Percentage Fee Approximates the Fee that Would Have Been Negotiated in the Private Market.

Private contingency fee agreements customarily range between 30% and 40% of the recovery. *See Ocean Power*, 2016 WL 6778218, at \*29 ("If this were an individual action, the customary contingent fee would likely range between 30 and 40 percent of the recovery."); *Wallace v. Powell*, 288 F.R.D. 347, 375 (M.D. Pa. 2012) (same); *Ikon*, 194 F.R.D. at 194 (same). Here, Class Counsel's requested percentage of 33.33% is commensurate with customary percentages in private contingent fee agreements. Consequently, this factor also supports the requested fee.

**J.    Innovative Terms of the Settlement.**

The Settlement does not contain any particularly "innovative" terms—beyond being a quality part of an initial wave of settlements of a unique type of university/student breach of contract action. This factor is thus neutral as it neither weighs in favor of nor against approval.

On balance, the *Gunter/Prudential* factors demonstrate that Class Counsel's requested fee is reasonable and, therefore, should be approved.

**III.    The Lodestar Cross-Check Confirms the Fee Request Is Reasonable**

The Third Circuit has suggested that fees awarded under the percentage method be cross-checked against the lodestar. *See*, *e.g.*, *Gunter*, 223 F.3d at 195 n.1. The purpose of that cross-check is to ensure that the percentage approach does not result in an "extraordinary" lodestar multiplier or a windfall. *See Cendant*, 264 F.3d at 285. The Third Circuit has stated that a lodestar cross-check entails an abridged lodestar analysis that requires neither "mathematical precision nor bean-counting." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306 (3d Cir. 2005). The Court "need not" receive or "review actual billing records" when conducting this analysis. *Id.* at 307.

Under the lodestar method, a court begins the process of determining the reasonable fee by calculating the "lodestar"; *i.e.*, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009). Once the lodestar is determined, the court must then determine whether additional adjustments are appropriate. *McKenna*, 582 F.3d at 455. A reasonable hourly rate in the lodestar calculation is "[g]enerally . . . calculated according to the prevailing market rates in the relevant community[,]" taking into account "'the experience and skill of the . . . attorneys and compar[ing] their rates to the rates prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience, and reputation.'" *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).

Class Counsel's combined "lodestar" is approximately $168,750 for work throughout the litigation, meaning that the requested fee, if awarded, would represent a "multiplier" of 3.46 of Class Counsel's combined lodestar. Colella Dec. ¶¶ 10-13. Class Counsel's lodestar represents nearly 289.55 hours of work at their current hourly rates.[4] *Id*. Class Counsel's rates range from $450 to $1,100 for attorneys and $125 to $350 for paralegals and support staff. *Id*. ¶¶ 10, 12. Based on a lodestar of $168,750 and a total of 289.55 hours committed to this case, the blended billing rate is $582.80 per hour.[5] The reasonableness of Class Counsel's rates is supported by the Colella Declaration, which establishes that the rates are in accord with the prevailing rates for class action and complex commercial litigation in the relevant legal markets, where the principal attorneys are respectively located, and in consideration of the fact that Class Counsel maintains a national complex litigation practice. *Id*. ¶¶ 17-18. These rates have been approved in other class action cases and are similar to other rates in similar actions resolved across the country. *Id*. ¶ 19. Further, Class Counsel's rates are within the ranges that have been approved by other district courts in this Circuit overseeing class settlements. *See Ryan v. Temple Univ.*, No. 5:20-cv-2164 (E.D. Pa.) (final approval granted on February 26, 2025, Judge Gallagher approving Class Counsel's rates up to $1,100);

---

[4] The Supreme Court and other courts have held that the use of current rates is proper since such rates compensate for inflation and the loss of use of funds. *See Mo. v. Jenkins by Agyei*, 491 U.S. 274, 283-84 (1989); *In re Schering-Plough Corp. Enhance Sec. Litig*., No. CIV.A. 08-2177 DMC, 2013 WL 5505744, at *33 n.28 (D.N.J. Oct. 1, 2013) (citing *Jenkins*, 491 U.S. at 283-88); *Ikon*, 194 F.R.D. at 195 ("attorney's hourly rates were appropriately calculated by reference to current rather than historic rates").
[5] The Third Circuit has indicated that the relevant hourly rate analysis for a lodestar cross-check is the blended billing rates that approximate the fee structure of individuals who work on a matter, not each individual's hourly rate. *See In re Rite Aid*, 396 F.3d at 306; *see also* The Manual for Complex Litigation (Fourth) § 21.724 (2004).

*Scranton*, (final approval granted on January 22, 2025, Judge Mehalchick approving Class Counsel's rates up to $1,100); *Lebanon Valley*, (final approval granted on October 28, 2024, Judge Conner approving Class Counsel's rates up to $950); *Gannon Univ.*, (final approval granted on July 17, 2024, approving Class Counsel's rates up to $1,100); *Copley v. Evolution Wells Services, LLC*, Case No. 2:20-cv-01442 (W.D. Pa.) (final approval granted on July 14, 2023) (Judge Wiegand approved Class Counsel's rates between $400 and $900 per hour and support staff rates of $250 per hour. *See id* (ECF Nos. 159-1 & 165)); *Lewandowski v. Family Dollar Stores, Inc.*, Case No. 2:19-cv-858 (W.D. Pa.) (Judge Horan approved attorney rates between $250 and $950 per hour and support staff rates of $250 per hour); *In re: Railway Industry Employee No-Poach Antitrust Litig.*, No. 2:18-MC-00798 (W.D. Pa.) (ECF Nos. 313 & 272–300) (Judge Conti approved rates for attorneys ranging from $275 to $1,100); *Howard v. Arconic Inc. et al*, Case No. 2:17-cv-1057-MRH (W.D. Pa.) (Judge Hornak approving attorney rates from $325 to $1,375 and a lodestar multiplier of 3.54). Given Class Counsel's experience, work, and the complex and relatively specialized nature of this Litigation, their rates are reasonable.

Class Counsel in this litigation has kept detailed records of the number of hours expended by attorneys and staff and descriptions of the type of work each person performed. Colella Dec. ¶¶ 10, 12. The hours billed were spent drafting pleadings, researching, analyzing numerous legal issues, reviewing documents and information produced, analyzing financials, preparing for mediation, negotiating the Settlement, effectuating the terms of the Settlement, and ensuring notice was distributed to putative Class Members such that they could make an informed decision. *Id.*

14

¶ 7.[6] The tasks performed are typical in litigation and were necessary for the successful prosecution and resolution of the claims against Lehigh.

The requested attorneys' fee of $583,275 represents a multiplier of 3.46 of Class Counsel's lodestar. Courts often approve fees in class actions that correspond to multiples of one to four times lodestar. *See*, *e.g.*, *Martin v. Foster Wheeler Energy Corp.*, No. 3:06-CV-0878, 2008 WL 906472, at *8 (M.D. Pa. Mar. 31, 2008) ("Lodestar multiples of less than four (4) are well within the range awarded by district courts in the Third Circuit."); *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1998) ("'[m]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied'" (alteration in original)). Given the quality of Class Counsel's work and results achieved in these circumstances, the lodestar comparison supports the reasonableness of the requested fee award.

## IV.    Class Counsel's Request for Reimbursement of Expenses Is Reasonable

"'Counsel in common fund cases is entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the case.'" *Ocean Power*, 2016 WL 6778218, at *29. Class Counsel seek reimbursement of $8,174.26 for the reasonable expenses incurred to advance this litigation. Colella Dec. ¶¶ 15-16. Class Counsel has documented their expenses, by category, in the accompanying declaration. *Id*. The schedule of expenses shows that Class Counsel litigated the case efficiently, with no unreasonable or

---

[6] Moreover, additional work will be required of Class Counsel on an ongoing basis, including: correspondence with Settlement Class Members; preparation and travel for, and participation in, the Final Approval Hearing; supervision of the administration process conducted by the Settlement Administrator; and supervision of the distribution of the Settlement Fund to Settlement Class Members. However, Class Counsel will not seek additional payment for this additional work. Class Counsel are able to provide itemized billing records setting forth time spent on particular tasks if the Court so requests.

unjustified expenditures. *Id.* ¶¶ 15-17. Moreover, the expenditures were of the type typically charged to hourly paying clients. *Id.* ¶ 17.

As explained in the Colella Declaration, a significant percentage of expenses incurred were the result of mediation. *Id.* ¶¶ 15-16. The remainder of the expenses include filing fees and expenses incurred for *pro hac vice* motions and service of process. *Id.* Such categories of expenses are commonly reimbursed in common fund cases. *See In re Wilmington Tr. Sec. Litig.*, No. 10-cv-0990-ER, 2018 WL 6046452, at *10 (D. Del. Nov. 19, 2018) (approving expenses related to management of documents, expert fees, computerized research, photocopying, transcripts, postage, travel, and discovery expenses); *Ocean Power*, 2016 WL 6778218, at *29 (approving expenses for costs of plaintiff's private investigator, photocopying, postage, messengers, filing fees, travel, long distance telephone, telecopier, mediation fees, and the fees and expenses of plaintiff's damages expert). In sum, all of Class Counsel's expenses, in an aggregate amount of $8,174.26, are typical in litigation, were necessary to the successful prosecution and resolution of the claims against Lehigh, and Plaintiff's requests for Class Counsel's expenses should be approved.

## V.    The Requested Case Contribution Award Is Reasonable

The purpose of service awards is to compensate named plaintiffs for the services they provided, risks they incurred during the course of a class action, and to reward their public service for contributing to the enforcement of the law. *See Sullivan*, 667 F.3d at 333 n.65; *see also* Annotated Manual for Complex Litigation §21.62 n.971 (4th ed. 2019) (incentive awards may be "merited for time spent meeting with class members, monitoring cases, or responding to discovery").

The Agreement permits the Settlement Class Representative to seek Case Contribution Awards of $2,500.00 to compensate him for his efforts in this litigation and commitment on behalf of the Settlement Class. SA ¶ 52. Any Case Contribution Award approved by the Court will be paid from the Settlement Fund. *Id*. Here, the Settlement Class Representative reviewed the amended complaint, was prepared to produce documents and testimony, and participated in the settlement discussions that resulted in the excellent recovery to the Settlement Class. Colella Dec. ¶ 20. Additionally, the Settlement Class Representative actively communicated with Class Counsel for purposes of advising and consulting about his experience with the transition to online remote-only education and services and his resulting damages. *Id.* These communications were crucial to the development of a workable damage model to facilitate the mediation process. *Id.* Courts in this Circuit have routinely approved service awards in amounts higher than that requested for the Settlement Class Representative here. *See Wilmington*, 2018 WL 6046452, at *10 (approving service awards of greater than $7,500 to plaintiffs whose employees were active in the litigation); *Brown*, 2017 WL 2986300, at *7 (awarding $10,000 to each named plaintiff because they "were actively involved in the litigation since before it was commenced, they provided the information and documents that formed the basis for the lawsuit, . . . and because the service award payments represent a small fraction of the $542,586 Settlement Fund"); *Barel v. Bank of Am.*, 255 F.R.D. 393, 403 (E.D. Pa. 2009) ($10,000 award to each class representative); *Bredbenner v. Liberty Travel, Inc.*, No. 09-905 (MF), 2011 WL 1344745, at *24 (D.N.J. Apr. 8, 2011) (same).

Thus, the requested Case Contribution Awards should be approved.

## **CONCLUSION**

Settlement Class Representative respectfully requests that the Court grant Plaintiff's motion for an award of 33.33% of the Settlement Fund (including interest earned thereon) as

17

attorneys' fees, $8,174.26 as reimbursement of litigation expenses, and $2,500.00 as Case Contribution Award for the Settlement Class Representative.

Dated: March 31, 2025                    Respectfully Submitted,

                                         */s/ Nicholas A. Colella*
                                         Nicholas A. Colella
                                         PA ID No. 332699
                                         **LYNCH CARPENTER, LLP**
                                         1133 Penn Avenue, 5th Floor
                                         Pittsburgh, PA 15222
                                         Phone: (412) 322-9243
                                         NickC@lcllp.com

                                         Michael Tompkins, Esq.*
                                         Anthony Alesandro, Esq.*
                                         **LEEDS BROWN LAW, P.C.**
                                         1 Old Country Road, Suite 347
                                         Carle Place, NY 11514
                                         516.873.9550
                                         mtompkins@leedsbrownlaw.com
                                         aalesandro@leedsbrownlaw.com
                                         *Pro Hac Vice*

                                         *Attorneys for Plaintiff and the Settlement Class*