**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN NEUBERT, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>LEHIGH UNIVERSITY,<br><br>     Defendant. | Case No. 5:24-cv-00831-JFL |

**<u>DECLARATION OF NICHOLAS A. COLELLA, ESQ.</u>**
**<u>IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND</u>**
**<u>CASE CONTRIBUTION AWARD</u>**
**<u>TO SETTLEMENT CLASS REPRESENTATIVE</u>**

I, Nicholas A. Colella, declare as follows:

1.     I am an attorney at the law firm of Lynch Carpenter, LLP ("Lynch Carpenter"), who along with co-counsel Leeds Brown Law, P.C. ("Leeds Brown" or "LBL") represents Plaintiff John Neubert ("Plaintiff") and the proposed Class in the above-captioned action against Defendant Lehigh University ("Lehigh" or "Defendant") (and with Plaintiff, the "Parties").

2.     I submit this declaration in Support of Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Case Contribution Award to Settlement Class Representative.

3.     I have personal knowledge of the matters stated in this declaration except those stated on information and belief, and, as to those, I believe them to be true. If called upon, I could and would competently testify to them.

4.     I served as lead counsel for Plaintiff and oversaw the prosecution of the entire action, including coordination between our firm and Leeds Brown in the assignment of projects. Class Counsel undertook this action on a contingent fee basis, meaning that to date we have received no payment for our services. We also advanced all litigation expenses, and to date have not received reimbursement for these from any source. Further, our agreement with our client provides that we would not charge him for fees or expenses in the event of an unsuccessful outcome. Class Counsel carefully tracked all time spent and expenses incurred in this matter. These records (including, where necessary, backup documentation) have been reviewed to confirm both the accuracy of the entries as well as the necessity for and reasonableness of the time and expenses expended in this litigation. As a result of this review, certain reductions were made to both time and expenses either in the exercise of billing judgment or to conform to Lynch Carpenter's practices and those accepted and approved in the Third Circuit. As a result of this review and related reductions, the time reflected in Class Counsel's lodestar calculation and the expenses for

which payment is sought are reasonable in amount and were necessary to prosecute the action and resolve the Settlement before the Court.

5.    Plaintiff filed this action to recover a partial refund of retained tuition and fees owed to Plaintiff, who commenced this action on behalf of himself and a putative class of individuals who paid tuition and/or fees to attend Lehigh for in-person, hands-on educational services and access for the Spring 2020 semester and had their course work moved to online only learning.

6.    During the course of this litigation and as detailed herein, Class Counsel worked in an efficient and effective manner. Duplication of efforts was avoided.

7.    Prior to commencing this action, Class Counsel spent many hours investigating the claims against Lehigh. During the course of this litigation, the Parties thoroughly analyzed the claims and engaged in formal and informal discovery via the mediation process, including review and analysis of documents and publicly available financial data. The investigation and discovery in which Class Counsel engaged provided the information needed to objectively evaluate the strengths and weaknesses of Plaintiff's and Class Members' claims. Class Counsel are also involved in dozens of other cases across the country and in this Circuit concerning similar claims and are uniquely aware of the risks associated with these claims and their treatment by other courts around the country.

8.    The Parties entered into a Settlement Agreement following a mediation session overseen by Hon. Thomas J. Rueter (Ret.) on August 13, 2024. The Parties reached a settlement in principle during that mediation session, and only after numerous demands and counteroffers.

9.    The Parties did not negotiate the amount of Case Contribution Award to Plaintiff until after the key provisions of the Settlement Agreement, including the amount of relief to the Settlement Class, were agreed upon.

10.    Lynch Carpenter has kept detailed record of hours expended throughout this litigation, which includes explanations of work performed by each individual. Lynch Carpenter's total compensable time for which it seeks an award of attorneys' fees is summarized below:

| Professional | Title | Hours | Rate | Lodestar |
|---|---|---|---|---|
| Gary Lynch | Partner | 5.7 | $1,100 | $6,270 |
| Nicholas Colella | Partner | 81.2 | $800 | $64,960 |
| Patrick Donathen | Associate | 3.4 | $650 | $2,210 |
| Lucia Romani | Associate | 6.1 | $550 | $3,355 |
| Joan Pyle | Associate | 10.4 | $450 | $4,680 |
| Sadie Fahsbender | Law Clerk | 10.4 | $300 | $3,120 |
| Daniel Hart | Paralegal | 6.4 | $350 | $2,240 |

11.    Thus, the total time Lynch Carpenter has expended on this matter is **123.6** hours, and the total lodestar value of these professional services is $**86,835**.

12.    Leeds Brown Law, P.C. provided me with their hours expended throughout this litigation. LBL's total compensable time for which it seeks an award of attorneys' fees is summarized below:

| Professional | Title | Hours | Rate | Lodestar |
|---|---|---|---|---|
| Jeffrey K. Brown | Managing Partner | 16 | $850 | $13,600 |
| Michael Tompkins | Partner | 45.90 | $700 | $32,130 |
| Anthony Alesandro | Senior Associate | 51.75 | $500 | $25,875 |

| Zaina Selim | Paralegal | 25.1 | $200 | $5,020 |
|---|---|---|---|---|
| Rosario Bucaro | Paralegal | 6 | $200 | $1,200 |
| Thao Williams | Paralegal | 16.8 | $200 | $3,360 |
| Yulia Pechenkina | Paralegal | .4 | $200 | $80 |
| Jacqueline Prescott | Paralegal | 2 | $125 | $250 |
| Kyle Schneider | Law Clerk | 2 | $200 | $400 |

13.     Thus, the total time LBL has expended on this matter is **165.95** hours, and the total lodestar value of these professional services is $**81,915.00**.

14.     Lynch Carpenter's and LBL's lodestar figures do not include charges for expense items. Expense items are billed separately, and such charges are not duplicated in the firms' current billing rates. Further, expense items do not contain any general overhead costs and do not contain a surcharge over the amount paid to the corresponding vendor(s).

15.     Lynch Carpenter incurred $**7,080.26** in expenses that were reasonably necessary to the prosecution of this litigation. Lynch Carpenter's total expenses for which it seeks reimbursement is summarized below:

| **Category** | **Expenses** |
|---|---|
| Filing Fees (Complaint and *Pro Hac Vice's* for co-counsel) | $555.00 |
| Service of Process | $516.00 |
| Mediation and related costs (travel, lodging, meals) | $6,009.26 |
| **Total:** | **$7,080.26** |

16.     Leeds Brown incurred **$1,094.00** in expenses during the course of this litigation related to mediation and the associated travel.

17.     We believe the expenses for which Lynch Carpenter and Leeds Brown seek reimbursement are a reasonable amount and were necessary for the effective and efficient prosecution of this action. We also believe that the expenses submitted are of the type normally charged to and paid by fee-paying clients.

18.     The above hourly rates for Lynch Carpenter's and Leeds Brown's attorneys and professional support staff are the firms' current hourly rates. The hourly rates for attorneys and professional support staff at Lynch Carpenter and Leeds Brown are consistent with the rates approved by attorneys and paralegals of similar experience in complex actions like this one in this Circuit and across the country.

19.     Lynch Carpenter's hourly rates have been approved in other class actions, including *Ryan v. Temple Univ.*, No. 20-cv-2164 (E.D. Pa.); *Alunni v. Lebanon Valley College*, No. 1:23-cv-1424-CCC (M.D. Pa.); *Engel v. Gannon Univ.*, No. 1:23-cv-244-SPB, ECF No. 39 (W.D. Pa.); *Opris, et al. v. Sincera Reproductive Medicine*, No. 2:21-cv-03072, ECF Nos. 62-64 (E.D. Pa.); *Morrow v. Ann, Inc.*, No. 1:16-cv-03340, ECF Nos. 70-71, 94 (S.D.N.Y.).

20.     The Settlement Class Representative performed valuable services for members of the Settlement Class by bringing his claims to Class Counsel for investigation, agreeing to serve as representative plaintiff, reviewing the complaint, remaining available to consult with Class Counsel when necessary regarding the progress of the litigation, and reviewing the progress of the litigation. Additionally, Plaintiff searched for and was ready to produce documents, and was prepared to give deposition testimony. Plaintiff's cooperation and participation in this litigation were beneficial in helping guide the litigation and to develop damage models.

21.    Class Counsel have significant experience in class-action litigation, including university breach of contract cases like this one. Lynch Carpenter and its attorneys have led, and continue to lead, numerous analogous cases across the country, including generating favorable Third Circuit law in *Hickey v. Univ. of Pittsburgh*, No. 21-2013, 2023 WL 5159578 (3d Cir. Aug. 11, 2023), reversing, in part, the District Court's granting of the University of Pittsburgh's motion to dismiss in *Hickey v. University of Pittsburgh*, 535 F.Supp.3d 372 (W.D. Pa. 2021), and reversing the District Court's granting of Temple University's motion to dismiss in *Ryan v. Temple University*, 535 F.Supp.3d 356 (E.D. Pa. 2021).

22.    Lynch Carpenter has also represented plaintiff students in the following analogous cases that have reached successful resolution: *Pfingsten, et al. v. Carnegie Mellon Univ.*, No. 20-cv-00716 (W.D. Pa.); *Nouri v. Univ. of Scranton*, No. 3:23-cv-01362 (M.D. Pa.); *Alunni v. Lebanon Valley College*, No. 1:23-cv-01424 (M.D. Pa.); *Gladfelter v. Susquehanna Univ.,* No. 4:24-cv-00382 (M.D. Pa.); *Leonard v. La Salle Univ.*, No. 24-cv-00062 (E.D. Pa.); *Camden v. Bucknell Univ.*, No. 23-cv-1907 (M.D. Pa.); *Ramey v. The Pennsylvania State Univ.*, No. 2:20-cv-753 (W.D. Pa.); *Ryan v. Temple Univ.*, No. 20-cv-2164 (E.D. Pa.); *Cantave v. Saint Joseph's University*, No. 2:23-cv-03181 (E.D. Pa.); *Engel v. Gannon Univ.*, No. 1:23-cv-244-SPB (W.D. Pa.); *Lankau v. The New School*, No. 601034/2024 (Nassau County, NY); *Figueroa v. Point Park Univ.*, No. 2:20-cv-1484 (W.D. Pa.); *Kincheloe v. Univ. of Chicago*, 1:20-cv-03015 (N.D. Ill.); *Smith v. Univ. of Pennsylvania*, 20-2086 (E.D. Pa.); *Espejo et al v. Cornell University*, Case No. 3:20-cv-00467-MAD-ML (N.D.N.Y.); and *Carpey v. Board of Regents of the University of Colorado*, No.: 2020cv31409 (Colo. Dist. Ct., Denver Cnty.).

23.    Further, as demonstrated by Lynch Carpenter's Firm Resume (ECF No. 31-4), Settlement Class Counsel have extensive experience in class action litigation.

6

24.    Similarly, Lynch Carpenter has significant experience working with Leeds Brown in the COVID refund context. *See e.g., Dean v. Maryville Univ. of St. Louis*, Cause NO. 20SL-CC02850 (Mo. Cir. Ct., St. Louis Cty. Aug. 8, 2023) (granting class certification with Lynch Carpenter and Leeds Brown being appointed as Class Counsel); *Miazza, Gunter v. LSU,* Case No. C-696918 (La. 19th Jud. Dist., May 12, 2023), ("This Court also finds that Plaintiff Gunter is represented by counsel [including Leeds Brown and Lynch Carpenter] who are experienced in and familiar with class actions generally, as well as uniquely qualified and successful in similar cases on behalf of students in this state and across the country against colleges and universities that closed campus following the outbreak of COVID-19. In short, it is clear that proposed class counsel have the experience, resources, and expertise to adequately represent the Class."); *see also Arredondo v. Univ. of La Verne*, Case No. 2:20-cv-7665(MCS)(RAO) (C.D. Cal. Feb. 8, 2022).

25.    I know Leeds Brown to have considerable experience litigating class action lawsuits. *See* ECF No. 31-6. Leeds Brown has recently settled other college refund lawsuits, with nearly identical claims. *See Stewart v. The University of Maine System*, Civil Action No. CV-20-537 (Cumberland Cty. July 19, 2024); *Arredondo v. Univ. of La Verne*, Case No. 2:20-cv-07665-MCS-RAO (C.D. Cal. April 14, 2023) (granting final approval of the class action settlement) (ECF No. 191); *Porter v. Emerson College*, Case No. 1:20-cv-11897-RWZ (D. Mass. Nov. 27, 2022) (ECF No. 87) (granting final approval of the class action settlement); *Booth v. Molloy College*, Index No. 608750/2020 (Sup. Ct. Nassau Cty. Oct. 18, 2023) (granting final approval of the class action settlement) (Doc. No. 145); *Staubus v. Regents of the Univ. of Minnesota*, Court File NO. 27-cv-20-8546 (Minn. 4th Jud. Dist., Aug. 29, 2023) (same); *Kincheloe v. Univ. of Chicago*, Case No. 1:20-cv-3015 (N.D. Ill. May 23, 2024) (granting final approval) (ECF No. 122); *see also Qureshi v. American University*, Case No. 1:20-cv-01141-CRC (D.D.C. Jan. 10, 2024) (granting

preliminary approval of class action settlement with a fairness hearing scheduled for May 7, 2024) (ECF No. 93); *Boykin-Smith v. New York Institute of Technology*, Index No. 606339/2020 (Sup. Ct. Nassau Cty. Aug. 1, 2024) (Doc. No. 70) (granting preliminary approval); *McKayla Lankau v. The New School*, Index No. 601034/2024 (Sup. Ct. Nassau Cty. July 16, 2024) (Doc. No. 20) (same).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 31, 2025            */s/ Nicholas A. Colella*
in Pittsburgh, Pennsylvania            Nicholas A. Colella